OHIO MUTUAL INSURANCE ASSOCIATION, UNITED
OHIO INSURANCE COMPANY, Appellant,

v.

WARLAUMONT, Exr., et al., Appellees.

[Cite as *Ohio Mut. Ins. Assn., United Ohio Ins. Co.
v. Warlaumont* (1997), 124 Ohio App.3d 473.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

No. CA97–07–015.

Decided Dec. 1, 1997.

*Ely & True* and *Gary D. Ostendarp,* for appellant.

*Schroeder, Maundrell, Barbiere & Powers* and *Lawrence E. Barbiere,* for appellee, Dale Warlaumont, Executor.

*Theodore J. Froncek,* for appellees, Deborah Mulvey and Sharon Preston.

WILLIAM W. YOUNG, Presiding Judge.

Plaintiff-appellant, Ohio Mutual Insurance Association, United Ohio Insurance Company ("Ohio Mutual"), insured Richard C. Howser and Sandra J. Howser under a policy of insurance that provided medical payment coverage of $5,000 and underinsured motorist coverage of $300,000. On August 28, 1995, the Howsers were involved in an automobile accident with Donald J. Warlaumont. Warlaumont and Richard Howser died as a result of the accident.

Sandra Howser, individually and as executor of the estate of Richard Howser, filed a claim against Warlaumont's estate based on his alleged negligence in causing the accident. This claim was received by the executor of Warlaumont's estate on or about January 4, 1996. Notice of rejection of the claim was sent to Sandra Howser, individually and as executor of the estate of Richard C. Howser, on January 16, 1996 and an affidavit of service was filed in the Brown County Probate Court on May 24, 1996. Pursuant to R.C. 2117.12, when a claim against an estate has been rejected, the claimant must commence an action within two months or be forever barred from maintaining such an action. However, Sandra Howser, individually or as executor of the estate of Richard C. Howser, did not commence an action within two months of the rejection.

Ohio Mutual, as the insurer of Sandra Howser, has paid to her individually and as executor of the estate of Richard Howser the sum of $5,000 under the medical payment coverage and the sum of $50,000 under the underinsured motorist coverage. Ohio Mutual alleges that an additional amount of $250,000 may be paid under the underinsured motorist coverage in the future. By virtue of past and possible future payments made by Ohio Mutual, Ohio Mutual is subrogated to the rights of Sandra Howser to the extent of any monies received from the Warlaumont estate.

On July 24, 1996, Ohio Mutual presented a claim to the executor of the Warlaumont estate. Ohio Mutual received notice of rejection of its claim on July 30, 1996. Ohio Mutual filed a complaint on August 22, 1996 against the executor and the beneficiaries of the Warlaumont estate. The trial court granted the

Warlaumont estate's motion for summary judgment based on the two-month time limitation for filing complaints against an estate after the claim has been rejected pursuant to R.C. 2117.12.

■ Ohio Mutual argues in a single assignment of error that the trial court erred in granting the motion for summary judgment. Ohio Mutual claims that it should not be barred by the two-month limitation because its claim is a separate and distinct claim from that filed by Sandra Howser, individually and as executor of the estate of Richard C. Howser.

■ "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Gerdes v. Super Am.* (Apr. 21, 1997), Butler App. No. CA96–08–171, unreported, 1997 WL 194872, following *Jones v. Shelly Co.* (1995), 106 Ohio App.3d 440, 445, 666 N.E.2d 316, 319–320.

■ Our review of the record reveals that Ohio Mutual became a party to this action by way of subrogation pursuant to the Howser's insurance policy. It is well settled that a subrogated insurer has no greater rights than those of its insured. *Chemtrol Adhesives, Inc. v. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 42, 537 N.E.2d 624, 628. A subrogee cannot accede to a right not possessed by the subrogor. *Id.*

Sandra Howser's claim against the Warlaumont's estate was based solely on negligence. Therefore, Ohio Mutual's subrogated claim against Warlaumont's estate was also based on negligence and not on the insurance contract. *State Farm Mut. Auto. Ins. Co. v. Rossi* (Dec. 8, 1989), Trumbull App. No. 89–T–4247, unreported, 1989 WL 149319. Consequently, Ohio Mutual did not have a separate and distinct claim against Warlaumont's estate. Because Sandra Howser, individually and as executor of the estate of Richard Howser, failed to timely respond to the notice of rejection and was statutorily barred from filing a complaint, Ohio Mutual, as a subrogee of Sandra Howser, individually and as executor of the estate of Richard Howser, is also statutorily barred from filing a complaint.

Ohio Mutual's assignment of error is not well taken and is overruled. The judgment is affirmed.

*Judgment affirmed.*

KOEHLER, J., concurs.

POWELL, J., dissents.

PowELL, Judge, dissenting.

I must respectfully dissent from the decision of the majority because I believe that there are disputed questions of material fact concerning Ohio Mutual's claim which cannot be resolved by summary judgment. Therefore, I would reverse the judgment and remand this cause for trial.