THOMPSON, Appellant,

v.

GHEE, Chairperson, Appellee.

[Cite as *Thompson v. Ghee* (2000), 139 Ohio App.3d 195.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–331.

Decided Sept. 12, 2000.

*Anthony Thompson,* pro se.

*Betty D. Montgomery,* Attorney General, and *J. Eric Holloway,* Assistant Attorney General, for appellee.

BROWN, Judge.

Anthony Thompson, plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas granting a motion for summary judgment in favor of Margarette Ghee, defendant-appellee.

Appellant is confined at the Chillicothe Correctional Institution. While he was confined, a panel of the Ohio Adult Parole Authority ("OAPA") granted appellant

parole on or after July 27, 1998, contingent upon his completing a counseling program. The victims' families were notified of OAPA's decision, and appellee issued a "stop letter" after the Office of Victims' Services petitioned the OAPA board for a hearing. On October 16, 1998, the full OAPA board held a hearing on the matter, and, thereafter, a majority of the OAPA board determined that appellant's parole date should be June 5, 2003.

On April 30, 1999, appellant filed an action seeking declaratory, injunctive, and monetary relief against appellee, the chairperson of the OAPA. Appellant claimed in his complaint that the OAPA violated the Ex Post Facto and Equal Protection Clauses of the Ohio and United States Constitutions in denying him parole because they used the parole guidelines that were currently in effect rather than the guidelines in effect at the time he was originally sentenced.

On June 4, 1999, appellee filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(1) and 12(B)(6). On July 13, 1999, the trial court granted appellee's motion to dismiss the action as it pertained to monetary damages but denied the motion in all other respects. On February 4, 2000, appellee filed a motion for summary judgment on the declaratory and injunctive claims. On February 29, 2000, the trial court granted appellee's motion for summary judgment, noting that the motion was unopposed. On March 6, 2000, appellant filed a response to appellee's motion for summary judgment. Appellant filed a motion to reconsider on March 8, 2000, which the trial court denied. Appellant now appeals the February 29, 2000 judgment of the trial court, asserting the following assignments of error:

"[1.] The trial court erred in granting motion for summary judgment in favor of defendant without allowing full 28-day period after service of motion in which to set date for non-oral hearing as allowed by local rule, or informing plaintiff that limitation time set forth in local rule would be shortened.

"[2.] The trial court erred by granting summary judgment to defendant where there existed a genuine issue of ex post facto violation, where a new legal condition and criteria for parole release consideration [were] applied to appellant after the granting of parole.

"[3.] Ohio's new binding parole guidelines are unconstitutional and unenforceable on ground[s] that they were promulgated by body to which legislatures, consistent with the Ohio Constitution and United States Constitution, could not or did not delegate the task of fixing criminal penalties for violation of state law, as those violations relates [sic] to pre–SB 2 prisoners, when such guidelines exceeds [sic] the maximum punishment/penalties prescribed under SB 2."

Appellant argues in his first assignment of error that he was precluded from responding to the motion for summary judgment because the trial court granted

the summary judgment before the expiration of twenty-eight days as required by Loc.R. 57.01. Loc.R. 57.01 provides:

"All motions for summary judgment filed pursuant to Civil Rule 56 are hereby set for a non-oral hearing date on the 28th day following the filing of the motion for summary judgment. Motions shall be deemed submitted to the judge for non-oral hearing on that date. Any party seeking to change the hearing date must do so by entry signed by the Trial Judge and served on all counsel. This rule does not alter the response dates for memorandum contra and replies under Local Rule 21.01 * * *."

Loc.R. 21.01 provides:

"* * * The opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion. * * * On the 28th day after the motion is filed, the motion shall be deemed submitted to the Trial Judge."

In the present case, the certificate of service on appellee's motion for summary judgment indicated that it was served upon appellant on February 4, 2000. Thus, including the three additional days for mailing pursuant to Civ.R. 6(E), appellant had until February 21, to file his responsive brief. However, he did not file the brief until March 6, 2000. Loc.R. 57.01 specifically states that its provisions do not alter the fourteen-day response time for memoranda contra under Loc.R. 21.01. Therefore, appellant failed to file a timely responsive brief.

■ However, appellant also asserts that because only twenty-five days—instead of twenty-eight days—elapsed between the date the motion was filed and the date of the trial court's decision, he "was not provided any opportunity to defend the motion other than motion in opposition. For example, [appellant] would have asked [for] leave to attend Oral Hearing as provided under Loc.R. 21.01." Thus, appellant seems to be arguing that because the trial court issued the decision three days earlier than specified in Loc.R. 57.01, he was deprived of the opportunity to file certain pleadings during those three days.

However, appellant's argument hinges on a hypothetical situation that clearly did not take place. Appellant's argument is insincere in that he claims he was prejudiced by the trial court's issuing the judgment three days early. The twenty-eighth day after submission of the motion for summary judgment was March 3, 2000. Appellant could not have been prevented from filing any pleadings before that time because he could not have been aware of the trial court's judgment until he received it on March 2 or 3, at the earliest. Therefore, even if the trial court had not issued its decision until the twenty-eighth day, on March 3, the record is clear that appellant failed to submit any motion or other pleading by that date. Simply put, appellant did not file any timely pleadings

with regard to appellee's motion for summary judgment and cannot argue now that hypothetically he "could have" but for the trial court's actions. Thus, any error by the trial court in rendering a decision before the expiration of twenty-eight days pursuant to Loc.R. 21.01 and 57.01 was harmless error. Appellant's first assignment of error is overruled.

■ Before addressing the remaining assignments of error, we must address another issue. It is a fundamental tenet that a party who does not respond to an adverse party's motion for summary judgment may not raise issues on appeal that should have been raised in response to the motion for summary judgment. *Maust v. Meyers Products, Inc.* (1989), 64 Ohio App.3d 310, 313–314, 581 N.E.2d 589, 591–592; *Haas v. Indus. Comm.* (Dec. 21, 1999), Franklin App. No. 99AP–475, unreported, 1999 WL 1221525; *Bradley v. Kijauskus* (Mar. 26, 1998), Cuyahoga App. No. 72481, unreported, 1998 WL 141188; *Bank One, Columbus, N.A. v. Adams* (Mar. 18, 1993), Franklin App. No. 92AP–1413, unreported, 1993 WL 85360. Thus, because appellant failed to file a timely response to appellee's motion for summary judgment, he should be precluded from raising the remaining arguments. We also note that appellant's third assignment of error raises two additional grounds—nondelegation of authority and separation of powers—that he failed to present in any meaningful or timely manner below. As such, these arguments should also be deemed waived for appellate purposes. *State v. Stojetz* (1999), 84 Ohio St.3d 452, 455, 705 N.E.2d 329, 335. However, despite these deficiencies, in the interests of justice, we will address the argument contained in appellant's assignment of error number two and three with regard to ex post facto prohibition, which appellant raised below and which was the gravamen of his complaint.

■ Appellant argues in his second assignment of error that the trial court erred in granting summary judgment because there remained a genuine issue of material fact as to whether the OAPA's use of different guidelines than were in place at the time of his original parole hearing violated the ex post facto prohibition of the United States Constitution. He argues in his third assignment of error that the trial court erred in failing to find that a genuine issue of material fact remained as to whether the OAPA's use of parole guidelines, in general, violates the Ex Post Facto Clause. Pursuant to Civ.R. 56, summary judgment is appropriate when there remains no genuine issue of material fact, and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, 203–204. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the

record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383, 384.

 Under R.C. 2967.03, the parole decision is discretionary. *State ex rel. Blake v. Shoemaker* (1983), 4 Ohio St.3d 42, 4 OBR 86, 446 N.E.2d 169; *State ex rel. Ferguson v. Ohio Adult Parole Auth.* (1989), 45 Ohio St.3d 355, 544 N.E.2d 674. The OAPA's use of internal guidelines does not alter the decision's discretionary nature. *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 125, 630 N.E.2d 696, 697–698. Because neither statute nor regulation created the guidelines, and the board need not follow them, they place no "substantive limits on official discretion," and appellant cannot claim any right to have any particular set of guidelines apply. *Olim v. Wakinekona* (1983), 461 U.S. 238, 239, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813, 816–817. We have specifically held that a prisoner has no right to rely on the parole guidelines in effect prior to his parole hearing date, and, thus, any amended parole guidelines are not retroactively applied ex post facto. *State v. Caslin* (Sept. 29, 1998), Franklin App. No. 98AP–463, unreported, 1998 WL 680834. Therefore, appellant was deprived of no protected liberty interest when the OAPA used different guidelines than were effective during his original parole hearing, and he can claim no due process rights with respect to the parole determination. See *Jago v. Van Curen* (1981), 454 U.S. 14, 20–21, 102 S.Ct. 31, 35, 70 L.Ed.2d 13, 18–19.

Further, as the trial court pointed out, the United States District Court for the Southern District of Ohio has held that the parole guidelines are not violative of ex post facto prohibition, stating:

"* * * [C]hanges in the parole matrix or parole guidelines may constitutionally be applied to inmates even though the changes occur after the inmates entered the state prison system. As the Court noted in its previous opinion and order, parole is a discretionary decision, and a state may constitutionally add or delete factors which guide the Parole Board's exercise of its discretion without running afoul of the Constitution. Simply put, an inmate has no vested interest in any particular set of parole guidelines, regulations, or matrices which assist the Parole Board in exercising its discretion, and changes in those matters do not impair any rights enjoyed by state prisoners pursuant to the United States Constitution." *Akbar–El v. Wilkinson* (S.D.Ohio 1998), unreported, affirmed (C.A.6, 1999), 181 F.3d 99, 1999 WL 282688.

 We also note that appellant states a fourth assignment of error in his statement of facts. However, this assignment of error is not referred to elsewhere, and he fails to present any argument regarding this assignment of error. Therefore, we decline to address it. See App.R. 12(A)(2).

For the reasons set forth above, we find that the trial court did not err in granting appellee's motion for summary judgment. Appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and DESHLER, JJ., concur.