OPINION
William L. Ridenour, plaintiff-appellant, is an inmate currently incarcerated at Chillicothe Correctional Institution. On April 10, 1972, plaintiff was convicted of two counts of second degree murder, one count of shooting to kill, and two counts of assault with a deadly weapon. He was sentenced to two life sentences for the murders, one to twenty years for shooting to kill and one to five years for each count of assault with a deadly weapon. The sentences were to run consecutively to each other.
On May 15, 1978, plaintiff was convicted of escape, aggravated burglary, felonious assault and two counts of kidnapping. He was sentenced to six months to five years for escape, four to twenty-five years for aggravated burglary, two to fifteen years for felonious assault and four to twenty-five years for each count of kidnapping. Those sentences were run concurrent to each other thus imposing an aggregate term of four to twenty-five years but to run consecutive to the original sentence imposed in 1972.
On June 9, 1999, plaintiff filed a complaint seeking a declaratory judgment in the Franklin County Court of Common Pleas. In that complaint, he brought six claims against defendant, Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction (hereinafter "defendant"). Plaintiff asked the court to declare that he is entitled to have the "self-executing" provision of R.C. 2929.41(E)(1) applied to his life sentences and consecutive four-to-twenty-five years sentence, thereby limiting his term of incarceration to twenty years. Plaintiff also alleged a number of violations of the ex post facto clause: (1) the application of the Federal Violent Crime Control Law Enforcement Act of 1994 to plaintiff's sentence causing plaintiff to serve a greater number of years; (2) the Victim's Rights Provision of Senate Bill No. 2 has increased plaintiff's punishment; (3) the parole board's consideration of "manufactured criminal charges" of which plaintiff was not convicted; and (4) the failure to consider plaintiff eligible for parole until after he has served his statutory minimum sentence.
Defendant's motion to dismiss plaintiff's complaint for declaratory judgment for failing to state a claim upon which relief could be granted was sustained by the trial court and the action was dismissed.
Plaintiff appeals, asserting the following assignments of error:
Assignment of Error One
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN RULING THAT ORC § 2967.03 PRECLUDED PLAINTIFF FROM RECEIVING THE LIMITATION PROVISION CONTAINED IN ORC § 2929.41 (E) (1) TO LIMIT HIS TERM OF IMPRISONMENT TO TWENTY YEARS (WHETHER APPLICABLE TO THE MINIMUM OR MAXIMUM TERM), AS RAISED IN LEGAL CLAIM ONE, CONTRARY TO THE CONSTITUTIONAL DOCTRINES KNOWN AS UNBRIDLED DISCRETION AND NONDELEGATION, AND HIS STATUTORY RIGHTS CONTAINED IN ORC § 5145.01
"DURATION OF SENTENCES."
 ASSIGNMENT OF ERROR TWO THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN RULING THAT THE DUE PROCESS CLAUSE STANDARD APPLIES TO THE EX POST FACTO CLAIMS RAISED BY PLAINTIFF IN HIS LEGAL CLAIMS II THRU [sic] V, CONTRARY TO CLEARLY ESTABLISHED EX POST FACTO LAW.
 ASSIGNMENT OF ERROR THREE THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN RULING THAT PLAINTIFF COULD NOT RECEIVE THE STATUTORY ENTITLEMENTS OF THE LAW IN EFFECT AT THE TIME PLAINTIFF'S CRIMES WERE COMMITTED, CONTRARY TO CLEARLY ESTABLISHED LAW.
In his first assignment of error, plaintiff argues that, pursuant to R.C. 2929.41(E), his prison term should be limited to a maximum of twenty years. The trial court correctly found that there was no merit to that argument.
R.C. 2929.41(E), that was in effect at the time plaintiff was originally sentenced, stated in relevant part:
 Consecutive terms of imprisonment imposed shall not exceed:
 (1) An aggregate minimum term of twenty years, when the consecutive terms imposed include a term of imprisonment for murder[.]
R.C. 2929.41(E) has no impact upon the maximum number of years imposed for consecutive terms of imprisonment for murder. Instead, its significance is to set the date on which a prisoner first becomes eligible for parole. As noted by the trial court, a review of plaintiff's complaint reveals that he has been before the parole board ten times in the past twenty-seven years, the first time on January 4, 1982. Plaintiff has received everything to which he is entitled under the law applicable when he was sentenced.
Contrary to the allegation in plaintiff's complaint and brief, the trial court did not rule that R.C. 2967.03 precluded him from receiving a limitation that he was otherwise entitled to under R.C. 2929.41(E)(1). There is no evidence in the record or in the trial court's decision that indicates any misapplication of the law, including R.C. 2967.13 which permitted plaintiff's eligibility for parole consideration at the expiration of ten full years imprisonment. Apparently, plaintiff construes eligibility for parole as meaning that parole must be granted. That is a patently incorrect application of R.C. 2967.13.
Plaintiff's first assignment of error is overruled.
Plaintiff next argues that he has alleged certain ex post facto claims which the trial court erroneously misconstrued by using due process clause standards to deny him relief for violation of constitutional rights.
In his complaint, plaintiff alleges a number of violations of the ex post facto clause. Plaintiff argues that certain new laws caused plaintiff to be incarcerated for a longer period of time and that he has statutory rights contained in R.C. 5145.01 which mandate his release. There is no substance to these arguments.
The ex post facto clause of Section 10, Article I, United States Constitution states that "[n]o State shall * * * pass any * * * ex post facto Law." An ex post facto law literally means "[a]fter the fact; by an act or fact occurring after some previous act or fact, and relating thereto." State v. Cook (1998), 83 Ohio St.3d 404, 414. The purpose of the ex post facto clause is to "ensure that legislative acts `give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed.'" However, the ex post facto clause only applies to criminal statutes. California Dept. of Corrections v. Morales (1995), 514 U.S. 499.
An ex post facto law is one that makes an action done before the passing of the law which was innocent when done, criminal, and punishes that action or aggravates a crime making it more severe than it was when committed. State legislators or Supreme Courts are barred by the due process clause from achieving precisely the same result by judicial construction. Bouie v. City of Columbia (1964), 378 U.S. 347.
At no time during plaintiff's imprisonment has there been an Ohio statute which requires the release of an inmate after serving only the minimum time of an indefinite sentence. R.C. 5145.01, upon which plaintiff relies, merely states that "[a]ll terms of imprisonment in a state correctional institution may be ended in the manner provided by law." Because R.C. 5145.01 does not mandate the termination of a prison term once an inmate has served the minimum term, it did not create a liberty interest under R.C. 5145.02 (which was repealed effective July 1, 1996) and it creates no legal duty on the part of the parole authority to release a prisoner before he has served the maximum time provided in his sentence. State ex rel. Lanham v. Ohio Adult Parole Auth. (1997),80 Ohio St.3d 425, 427.
Plaintiff further contends that the parole authorities have adopted guidelines applicable to the granting of parole in order to compel him to remain in prison for a longer period of time. However, the decision of the parole authority to change conditions of parole which are not contrary to statute lies solely within the discretion of the Ohio Adult Parole Authority. A. R. Jago v. Van Curen (1981), 454 U.S. 14. Consequently, an Ohio prisoner who is denied parole is not thereby deprived of "liberty" unless state law makes the parole decision mandatory. State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989),45 Ohio St.3d 355 . An inmate has no right to rely on the version of Ohio Adult Parole Authority's internal guidelines that were in effect when he was originally sentenced and their use of amended guidelines is not an ex post facto violation and does not violate a protected due process liberty interest. Thompson v. Ghee (2000), 139 Ohio App.3d 195.
Plaintiff has stated no violations of any ex post facto rights guaranteed by the constitution. Consequently, plaintiff's second assignment of error is overruled.
Plaintiff lastly alleges that he did not receive the statutory entitlements of the law in effect at the time his crimes were committed contrary to "clearly established law."
The trial court applied the law in effect at the time plaintiff was sentenced and did not commit error in this respect as explained in regard to assignment of error one.
Plaintiff's third assignment of error is overruled.
Plaintiff's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
 __________________ McCORMAC, J.
PETREE and KENNEDY, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.