OPINION
In 1993, Olin Hunt Specialty Products, Inc. ("Olin Hunt"), the manufacturer of a product known as "BlackHole,"[1] filed a breach of contract action in the Hamilton County Court of Common Pleas against one of its "BlackHole" distributors, Thortek, Inc. ("Thortek"). The parties resolved the litigation through a consent judgment entered on June 21, 1993, which provided that Thortek was to pay Olin Hunt $198,227.73 plus interest.[2]
In 1995, Metalgraphics, Inc. ("Metalgraphics") filed a products liability action against both Olin Hunt and Thortek, who in turn filed cross-claims against one another. American Motorists Insurance Company ("AMI"), Thortek's insurer, defended Thortek in the action. In April 1998, both Olin Hunt and Thortek settled with Metalgraphics without resolving their cross-claims. To effect the settlement, Olin Hunt agreed to pay Metalgraphics $190,000, and AMI, as Thortek's insurer, agreed to pay Metalgraphics $100,000.
In December 1998, AMI filed a complaint seeking to recover from Olin Hunt the $100,000 it paid in settlement to Metalgraphics, as well as $75,000 in attorney fees and costs expended by AMI in defending the Metalgraphics lawsuit. Olin Hunt filed an answer, wherein it included an affirmative defense that the 1993 consent judgment served as a total setoff to AMI's claims as subrogee of Thortek. Olin Hunt also asserted a counterclaim seeking indemnification from AMI for the $190,000 it paid Metalgraphics, as well as interest, attorney fees and costs.
In its answer to Olin Hunt's counterclaim, AMI alleged that the consent judgment was void as to AMI's claim against Olin Hunt because Thortek, its insured, failed to provide AMI timely notice of the Hamilton County lawsuit, thereby prejudicing AMI. AMI further claimed that because Olin Hunt failed to enforce the consent decree, Olin Hunt had waived the right to do so in a subsequent action. Finally, AMI asserted that Olin Hunt was barred from bringing an action against AMI for claims Olin Hunt had against Thortek which had not been reduced to judgment.
Olin Hunt filed a motion for summary judgment on September 9, 1999, wherein it reiterated its position that it was entitled to enforce the consent judgment against AMI as Thortek's subrogee. As such, Olin Hunt argued that since the value of the consent judgment exceeded the value of the damages sought by AMI, AMI had no cognizable claim for damages.
AMI filed a memorandum contra Olin Hunt's motion for summary judgment in which it argued that it was not subject to Olin Hunt's setoff claim because: (1) the "business debt" Thortek owed Olin Hunt could not be used to offset an indemnity claim; and (2) AMI had no notice of, nor did it not agree to, the June 1993 consent judgment.
The trial court granted Olin Hunt's motion for summary judgment on September 20, 2000, finding that the 1993 consent judgment between Olin Hunt and Thortek was valid and enforceable and that Olin Hunt was entitled to judgment as a matter of law because the setoff defense based upon the consent judgment was applicable to AMI as Thortek's subrogee. The trial court filed a judgment entry on October 23, 2000, consistent with its decision.
AMI has timely appealed the trial court's judgment and advances a single assignment of error, as follows:
 The trial court erred in granting Olin Hunt's motion for summary judgment for the reason that Olin Hunt could not have plead or proved the Hamilton County Common Pleas consent judgment as a defense in the Metalgraphics case and, therefore, cannot now plead or prove such judgment as an [sic] set-off against American in this case.
By its assignment of error, AMI contends that the trial court erred in granting summary judgment in favor of Olin Hunt. In order to obtain summary judgment, the moving party must establish that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. A reviewing court has complete and independent power of review as to all questions of law. Id. In the case before us, there are no questions of fact to be resolved. The sole issue for determination is whether the consent judgment can, as a matter of law, be asserted by Olin Hunt as a setoff defense to AMI's contribution/indemnity claim. As such, the determination of whether the trial court properly granted summary judgment involves only questions of law which are considered by this court de novo. Id.
Preliminarily, we note that a review of the record indicates that AMI never raised, either in its answer to Olin Hunt's counterclaim or in its memorandum contra Olin Hunt's motion for summary judgment, the precise issue it now raises on appeal; i.e., that Olin Hunt could not have asserted the consent judgment as a defense against either Thortek (in the Metalgraphics case) or AMI (in the instant case) because the consent judgment did not arise from the same transaction or facts giving rise to those lawsuits. Accordingly, the trial court had no opportunity to address or rule upon that issue. It is well-settled that a party may not raise issues on appeal that should have been raised in response to a motion for summary judgment. Thompson v. Ghee (2000), 139 Ohio App.3d 195,199; Haas v. Indus. Comm. of Ohio (Dec. 21, 1999), Franklin App. No. 99AP-475, unreported. As such, AMI's argument should be deemed waived for appellate purposes. Thompson, supra. However, in the interests of justice, we will address the argument raised in AMI's brief.
AMI's argument is premised on the defense of recoupment. In particular, AMI relies on the Ohio Supreme Court's decision in Riley v. Montgomery (1984), 11 Ohio St.3d 75, wherein the court noted that recoupment is a defense which arises out of the same transaction as the plaintiff's claim and entitles the defendant to reduce the amount demanded, but only to the extent sufficient to satisfy the plaintiff's claim. Id. at 77. Recoupment is available only when it is offered to reduce the plaintiff's right to relief, such as where the defendant has been so damaged in the transaction that the plaintiff should not be entitled to recover. Id. at 77-78. As noted previously, AMI argues that Olin Hunt could not have asserted the consent judgment as a recoupment defense against either Thortek (in the Metalgraphics case) or AMI (in the instant case) because the consent judgment did not arise out of the same transaction or facts giving rise to those lawsuits. While AMI's contention is technically correct, it is irrelevant to the instant action, as Olin Hunt asserted the consent judgment as a setoff defense, rather than a recoupment defense. Thus, Riley is inapposite.
The defense of setoff is in the nature of an "independent affirmative action." Akron Nat'l Bank Trust Co. v. Roundtree (1978),60 Ohio App.2d 13, 17. In contrast to a recoupment, a setoff is "a demand asserted to diminish or extinguish a plaintiff's demand, which arises out of a transaction different from that sued on, and which must be liquidated and emerge from a contract or judgment." Continental Acceptance Corp. v. Rivera (1976), 50 Ohio App.2d 338, 344, fn. 17, quoting 3 Moore's Federal Practice, Para. 13.02, note 1 (1978). In the instant case, Olin Hunt asserted its right of setoff, relying on the consent judgment enforceable against Thortek and arising out of a different transaction than that raised in the instant case, to extinguish AMI'S claims (as Thortek's subrogee) against Olin Hunt.
In its lawsuit, Metalgraphics sued both Olin Hunt and Thortek, and the settlement payments were made on behalf of both entities. AMI paid Thortek's portion of the settlement pursuant to its contract of insurance with Thortek. The contribution and/or indemnity claim currently pending originally belonged to Thortek as the named defendant in the Metalgraphics case. As Thortek's insurer, AMI subrogated Thortek's claims and stepped into Thortek's shoes for purposes of pursuing Thortek's contribution/indemnity claims against Olin Hunt. See American Ins. Group v. McCowin (1966), 7 Ohio App.2d 62, 65 (subrogation is "[t]he substitution of one person in the place of another with reference to a lawful claim, demand, or right.")
It is well-established that "a subrogated insurer has no greater rights than those of its insured." In addition, "[a] subrogee cannot accede to a right not possessed by the subrogor." See Ohio Mut. Ins. Assoc., United Ohio Ins. Co. v. Warlaumont (1997), 124 Ohio App.3d 473, 475; Nationwide Mut. Fire Ins. Co. v. Sonitrol, Inc. of Cleveland (1996),109 Ohio App.3d 474, 482-483. Since AMI's claim, arising through subrogation, can rise no higher than that of Thortek, any defense which could be asserted by Olin Hunt in an action brought by Thortek may also be asserted against AMI. See Ohio Cas. Ins. Co. v. Ford Motor Co. (S.D.Ohio 1977), 443 F. Supp. 80, 83.
In the instant action, Olin Hunt asserted a valid and enforceable consent judgment as a defense to AMI's subrogated contribution/indemnity claim. Generally, a consent judgment operates as res judicata to the same extent as a judgment on the merits entered in a fully adversarial proceeding. S. Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661, 668; Packer, Thomas Co. v. Eyster (1998), 126 Ohio App.3d 109, 118. AMI characterizes the consent judgment as a "business debt," which cannot be used as a setoff. However, AMI mischaracterizes the consent judgment as a mere "business debt." Olin Hunt and Thortek entered into the consent judgment as a means of settling litigation on the contract issues between them. Even though the consent judgment represents an agreement between Olin Hunt and Thortek, the effect of the judgment is the same as if the issues had been litigated and is just as enforceable as any other validly entered judgment. Id.
For the foregoing reasons, we agree with the trial court's determination that no genuine issues of material fact exist, that reasonable minds can come to but one conclusion adverse to AMI, and that Olin Hunt is entitled to judgment as a matter of law, as the consent judgment is valid and enforceable and was properly asserted by Olin Hunt as a setoff defense against AMI as Thortek's subrogee.
For the foregoing reasons, AMI's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
DESHLER and BROWN, JJ., concur.
[1] "BlackHole" is used in the production of electronic devices.
[2] The judgment became dormant and was subsequently revived in November 1998 pursuant to R.C. 2325.15.