OPINION
Plaintiff-appellant, Edward D. Walker, appeals from a judgment of the Franklin County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss of defendant-appellee, Margarette T. Ghee, chairperson of the Ohio Adult Parole Authority ("OAPA").
According to plaintiff's complaint, plaintiff is an inmate at the Chillicothe Correctional Institution. In 1994, plaintiff was indicted for murder. Pursuant to a plea bargain, plaintiff pleaded guilty to involuntary manslaughter and was sentenced to a term of ten to twenty-five years of imprisonment.
On January 24, 2001, after plaintiff had served approximately seven years of his sentence, plaintiff had a parole hearing before the OAPA. At the hearing, the OAPA utilized revised parole guidelines implemented on March 1, 1998. The parole guidelines employ a grid system that classifies an offender according to the seriousness of the offense(s) committed and the offender's criminal history and risk. Using the guidelines, the OAPA placed plaintiff in Category 10 for the involuntary manslaughter offense. According to plaintiff, that action resulted in a guidelines range of one hundred twenty to one hundred eighty months of imprisonment to be served before plaintiff could be released on parole, and "gave Plaintiff an additional (5) years on 1-24-01." (Complaint, paragraph 21.)
On May 7, 2001, plaintiff filed a complaint for declaratory judgment and injunctive relief. Plaintiff claimed that application of the revised parole guidelines violated various provisions of the Ohio and United States Constitutions and breached the terms of his plea agreement. Plaintiff sought to have the OAPA apply the parole guidelines that were in effect at the time of his sentencing, rather than the revised guidelines later implemented, and sought to have the terms of his plea agreement enforced.
On June 11, 2001, pursuant to Civ.R. 12(B)(6), OAPA filed a motion to dismiss for failure to state a claim upon which relief could be granted. The trial court granted the motion on July 24, 2001, concluding plaintiff has no constitutional right to parole, and plaintiff has no right to an order requiring the OAPA to use the parole guidelines that were in effect when he was sentenced rather than those subsequently implemented. Moreover, the trial court determined that enforcement of the plea agreement was not properly before the court because (1) the decision when to grant parole is vested entirely within the executive branch of the government, not the judiciary, and (2) plaintiff's legal remedy to rectify an alleged breach of the plea agreement was to file a motion in the sentencing court either to withdraw his plea agreement or to enforce the agreement. The trial court did not decide whether the OAPA breached the contractual terms of plaintiff's plea agreement because the court concluded "[p]laintiff cannot sue the OAPA for breaching a contract when he has not alleged that the OAPA was a party to that contract." (July 24, 2001 Decision, 8.) The trial court accordingly found plaintiff's claims failed as a matter of law.
Plaintiff appeals, assigning the following errors:
 I. THE COURT ERRED IN DISMISSING APPELLANT'S DECLARATORY JUDGMENT THAT WAS ADDRESSING APPELLANT'S PLEA AGREEMENT WITH THE STATE.
 II. THE COURT ERRED IN ADDRESSING THE ISSUE OF THE CONSTITUTIONALITY OF THE PAROLE GUIDELINES SYSTEM AND INTERPRETING IT AS THE ISSUE, RATHER THAN THE ISSUE OF APPELLANT'S BREACH OF HIS PLEA AGREEMENT.
Plaintiff's assignments of error are interrelated and will be discussed together. Plaintiff asserts that at the time he entered into his plea agreement his "expectation" was, based on the parole guidelines then in effect, that plaintiff would serve only seven to ten years of his ten to twenty-five year prison sentence before he would be eligible for parole consideration. Plaintiff contends his contractual plea agreement did not include serving twelve years before becoming eligible for parole consideration, as the OAPA decided when it utilized the new revised parole guidelines and denied him parole. By its using the revised guidelines, which did not exist at the time he entered into his plea agreement, plaintiff asserts the OAPA removed the benefit of his plea agreement and breached its contractual terms. Plaintiff further contends the OAPA is bound by the plea agreement because the OAPA, like the prosecutor who entered into the plea agreement, is an instrumentality of the state.
Plaintiff filed a complaint for declaratory judgment, which is a civil action that provides a remedy in addition to other legal and equitable remedies available. Aust v. Ohio State Dental Bd. (2000),136 Ohio App.3d 677, 681. "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." Id. Because plaintiff claims the OAPA's action violates the terms of his plea agreement, plaintiff presents a justiciable controversy for our consideration. Since plaintiff is currently serving his prison term, speedy relief may be necessary to preserve plaintiff's rights under his plea agreement.
The dismissal of a complaint pursuant to Civ.R. 12(B)(6) presents a question of law which we review de novo. State ex rel. Drake v. Athens Cty. Bd. of Elections (1988), 39 Ohio St.3d 40. In construing the complaint on a motion to dismiss pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. State ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 490. Dismissal of a complaint for failure to state a claim upon which relief may be granted is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.; Shockey v. Wilkinson (1994), 96 Ohio App.3d 91,93, citing York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143,144.
Initially, the trial court did not err in addressing the constitutionality of the parole guidelines because plaintiff claimed in his complaint the parole guidelines violated various constitutional provisions. In addition to plaintiff's claims of constitutional violations, the court addressed plaintiff's claims regarding an alleged breach of his plea agreement, although the court largely concluded plaintiff's claims were not properly before the court. For the reasons set forth below, the trial court did not err in dismissing plaintiff's complaint for declaratory judgment.
A plea agreement is contractual in nature, is binding, and is subject to contract law standards. State v. Graham (Sept. 30, 1998), Franklin App. No. 97APA11-1524, unreported. For purposes of this appeal, we assume, without deciding, the OAPA is bound by the plea agreement plaintiff made with the prosecutor in his case. See Lee v. Ohio Adult Parole Auth. (Apr. 7, 2000), Montgomery App. No. 17976, unreported; Randolph v. Ohio Adult Parole Auth. (Jan. 21, 2000), Miami App. No. 99 CA 17, unreported. Accordingly, we will address plaintiff's breach of contract claim, even though the trial court declined to address the precise claim because plaintiff did not allege in his complaint the OAPA was a party to his plea agreement.
Because plaintiff did not attach to his complaint a copy of the OAPA's decision denying him parole, it is unclear whether the OAPA determined plaintiff is to serve a minimum of ten years of imprisonment or a minimum of twelve years of imprisonment, before he again will be considered for parole. If the designated minimum term to be served pursuant to the revised parole guidelines is ten years, then the plea agreement has not been breached because plaintiff will have received exactly what he bargained for — a minimum ten-year term of imprisonment before possible release on parole. For the purposes of this analysis, however, we will assume application of the revised parole guidelines results in plaintiff having to serve a minimum of twelve years of imprisonment before again being considered for release on parole.
In his complaint, plaintiff does not allege that as part of his plea agreement or sentence he was promised the parole guidelines in effect at the time he was sentenced would apply when he was considered for parole. Nor does plaintiff allege he was promised he would be released on parole after serving the minimum sentence the court ordered. Plaintiff merely alleges that by virtue of the application of the revised guidelines he "will be forced to serve a more severe sentence than what he understood at the time of entering his plea agreement." (Complaint, paragraph 21, emphasis added.) Plaintiff's unilateral expectation that he would be released early on parole pursuant to the parole guidelines in effect at the time of sentencing is insufficient to establish a term of his plea bargain agreement or to contravene the authority and discretion accorded the OAPA in deciding when to grant parole.
Plaintiff admits he has no constitutional, statutory, or inherent right to parole. State ex rel. Miller v. Leonard (2000), 88 Ohio St.3d 46, 47; State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123; Seikbert, supra; Dozier v. Ohio Adult Parole Auth. (Mar. 30, 2000), Franklin App. No 99AP-893, unreported. As a prisoner he has no right to be released from prison prior to the expiration of a valid sentence, the maximum being twenty-five years in this case. Miller, supra, citing Greenholtz v. Inmates of Nebraska Penal Correctional Complex (1979), 442 U.S. 1,7, 97 S.Ct. 2100; Hattie, supra; Seikbert, supra. Nor does plaintiff contend his sentence is invalid. Because plaintiff has no constitutional or statutory right to parole, he similarly has no right to earlier consideration of parole. State ex rel. Vaughn v. Ohio Adult Parole Auth. (1999), 85 Ohio St.3d 378, 379; State ex rel. Henderson v. Ohio Dept. of Rehab. Corr. (1998), 81 Ohio St.3d 267, 268.
The decision whether and when to grant parole lies within the absolute discretion of the OAPA. R.C. 2967.03; Woods v. Telb (2000),89 Ohio St.3d 504, 512; State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355; State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42, 43; Dozier, supra. The OAPA's use of internal guidelines does not alter the decision's discretionary nature. Hattie, supra, at 125; Thompson v. Ghee (2000), 139 Ohio App.3d 195, 200; Harris v. Wilkinson (Nov. 27, 2001), Franklin App. No. 01AP-598, unreported. Because neither statute nor regulation created the guidelines, and the parole board need not follow them, they place no substantive limits on official discretion, and plaintiff cannot claim any right to have any particular set of guidelines apply. Olim v. Wakinekona (1983), 461 U.S. 238,249, 103 S.Ct. 1741; Hattie, Harris, supra. It is firmly established that a prisoner has no right to rely on the parole guidelines in effect prior to his parole hearing date and, thus, application of amended parole guidelines does not violate ex post facto prohibitions. State ex rel. Bealler v. Ohio Adult Parole Auth. (2001), 91 Ohio St.3d 36; Thompson, supra; Akbar El v. Wilkinson (Apr. 28, 1998), S.D. Ohio No. C2-95-472, unreported, affirmed (6th Cir. Apr. 28, 1999), 181 F.3d 99.
Accordingly, plaintiff had no right, including a contractual right, to have the parole guidelines in effect at the time of his sentencing apply at the time he was considered for parole, and he has no right to be released on parole prior to the expiration of his maximum sentence. Presuming all factual allegations contained in plaintiff's complaint to be true and making all reasonable inferences in favor of plaintiff, we conclude plaintiff has failed to state a claim for breach of his plea agreement, and his complaint therefore was properly dismissed pursuant to Civ.R. 12(B)(6).
Accordingly, plaintiff's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and LAZARUS, J., concur.