OPINION
Defendant-Appellant, Mark Masten ("Appellant"), appeals pro se a decision by the Hancock County Common Pleas Court, overruling his Motion to Withdraw Guilty Plea. On appeal, Appellant primarily contends that his 1990 guilty pleas were not entered knowingly and voluntarily and that application of the 1998 amended parole guidelines to his sentence violates the Ex Post Facto Clause of the United States Constitution. However, the crux of Appellant's claims is that his guilty pleas were entered in violation of his constitutional due process rights. We find that such claims are now barred because they should have been brought within 180 days after expiration of the time for filing an appeal to his conviction and sentence as a post-conviction petition for relief pursuant to R.C.2953.23. Moreover, prisoners have no right to rely on parole guidelines in effect prior to potential dates for parole because the guidelines are not established by state statute; thus, the parole board need not follow them, and, in turn, they are not applied ex post facto.
The facts leading to this appeal are as follows. On October 21, 1986, Appellant was indicted on four counts of felonious sexual penetration, each first degree aggravated felonies, and five counts of sexual battery, each third degree felonies. Pursuant to a plea agreement with the State, Appellant entered guilty pleas to three counts each of felonious sexual penetration and sexual battery. Thereafter, Appellant received an aggregate indeterminate sentence of nine to twenty-five years. No appeal from his conviction and sentence was taken.
On July 18, 2001, Appellant filed a Motion to Withdraw Guilty Plea in the Hancock County Common Pleas Court. The trial court denied this motion, and from this judgment Appellant appeals, asserting six assignments of error for our review. For purposes of brevity and clarity, we have elected to consolidate all assignments into a single discussion.
 Assignment of Error I The trial court erred when it failed to recognize Appellant's plea agreement as a legally binding contract.
Assignment of Error II
 The trial court erred when it ruled contrary to both fact and law.
Assignment of Error III
 The trial court erred when it failed to recognize that the application of the State's "new" parole guidelines violates the Ex Post Facto Clause.
Assignment of Error IV
 The trial court erred when it failed its duty to correct a gross manifest injustice.
Assignment of Error V
 The trial court erred when it failed to address each of Appellant's issues presented for review.
Assignment of Error VI
 The trial court not only erred, but also abused its discretion when it overruled Appellant's Motion to Withdraw Guilty Plea.
In his first, second, third, fourth, and sixth assignments of error, Appellant contends both that his guilty pleas were not knowingly and voluntarily entered, violating his constitutional due process rights. Appellant claims that he should be allowed to withdraw his pleas pursuant to Crim.R. 32.1, and that application of the amended 1998 parole guidelines to his sentence violates the Ex Post Facto Clause of the United States Constitution.
The Ohio Supreme Court held in State v. Reynolds that
 [w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21.[1]
 Reynolds has since mandated this Court, as well as a majority of our sister courts, to conclude that if a motion to withdraw a guilty plea is filed outside the time for a direct appeal and alleges a constitutional violation as the basis for the request to vacate a conviction and sentence, the motion must be treated as one for post-conviction relief.[2] Herein, Appellant's plea was entered on April 23, 1990, thus the thirty-day time period allowed for direct appeal has clearly expired.[3] Additionally, pursuant to R.C. 2953.21(B), Appellant must have filed his motion for post-conviction relief within 180 days after the expiration of the time for filing the appeal. Because Appellant failed to do so, he is barred from asserting this claim.
We now turn to discuss Appellant's claim that application of the 1998 parole guidelines to his eligibility for parole violates the Ex Post Facto Clause of the United States Constitution. The Ohio Adult Parole Authority's use of internal guidelines does not alter the discretionary nature of a parole decision, and because neither statute nor regulation created the guidelines and the parole board need not follow them, they place no "substantive limits on official discretion[;]" therefore, Appellant cannot claim any right to have a particular set of guidelines apply.[4] Moreover, a prisoner has no right to rely on the parole guidelines in effect prior to his parole hearing date, and thus, any amended parole guidelines are not retroactively applied ex post facto.[5]
Appellant additionally argues in his second assignment of error that since the State did not file a response to his Motion to Withdraw Guilty Plea that it is now estopped from claiming that the allegations contained therein are not correct. While the preferred action would have been for the State to respond and present contrary arguments before the trial court, its failure does not necessarily give credence to Appellant's arguments nor does the failure correlate to the State's agreement with Appellant's allegations and bar the State's ability to file a brief on appeal.[6]
In his fifth assignment of error, Appellant further contends that the trial court erred by failing to address each of the issues presented in his Motion to Withdraw Guilty Plea. However, App.R. 16(A)(7) provides that an appellant's brief must include "an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which the appellant relies." Additionally, pursuant to App.R. 12(A)(2), an appellate court may "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
Herein, Appellant has failed to identify in the record which issues the trial court allegedly did not consider or what issues he wants this Court to consider with respect to this issue. Without such identification, Appellant's contention is not apparent from the context of his argument, thus leaving this Court without a basis for review. For this reason, we decline to address Appellant's fifth assignment of error.
For the aforementioned reasons, we find each of Appellant's assignments of error to be without merit, and they are hereby overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW, P.J., concurs in judgment only.
HADLEY, J., concurs.
[1] State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
[2] State v. Bush (May 25, 2001), Union App. No. 14-2000-44,unreported; State v. Northern (June 14, 2001), Allen App. No. 1-01-01,unreported; State v. Herrera (Dec. 20, 2001), Allen App. No. 1-01-126,unreported; State v. Smith (Sept. 13, 2001), Cuyahoga App. No. 79028,unreported; State v. Deer (Mar. 2, 2001), Lawrence App. No. 00CA24,unreported; State v. Walters (1998), 138 Ohio App.3d 715, discretionaryappeal not allowed (2000), 90 Ohio St.3d 1479; State v. Gaddis (Oct. 12,2000), Cuyahoga App. No. 77058, unreported; State v. Phelps (Sept. 26,2000), Franklin App. No. 00AP-109, unreported; State v. Lewis (Feb. 9,1999), Lorain App. No. 98CA007007, unreported; State v. Hill (1998),129 Ohio App.3d 658, discretionary appeal not allowed (1999),84 Ohio St.3d 1470.
[3] App.R. 4(A).
[4] State ex rel., Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125;Houston v. Wilkinson (June 29, 2001), Allen App. No. 1-01-52,unreported; Thompson v. Ghee (2000), 139 Ohio App.3d 195, 200, quotingOlim v. Wakinekona (1983), 461 U.S. 238, 239.
[5] Ghee, 139 Ohio App.3d at 200, citing State v. Caslin (Sept. 29,1998), Franklin App. No. 98AP-463, unreported; Douglas v. Money (1999),85 Ohio St.3d 348, 350; State ex rel. Bealler v. Ohio Adult Parole Auth. (2001), 91 Ohio St.3d 36, 36-37.
[6] Cf. State v. Arrington (July 21, 1993), Lorain App. No. 92CA005486, unreported.