OPINION *Page 2 
{¶ 1} Defendant-Appellant, Richard Thompson ("Thompson"), appeals from the declaratory judgment rendered by the Knox County Court of Common Pleas in favor of Intervenor Defendant-Appellee, Grange Mutual Casualty ("Grange").
 {¶ 2} Thompson claims on appeal that the trial court improperly concluded that Grange was not obligated to defend or indemnify Thompson in a personal injury action commenced by Richard and Marcia Sharp ("Sharps"). For the following reasons, we affirm the grant of summary judgment.
 STATEMENT OF FACTS AND CASE {¶ 3} On October 13, 2005, the Sharps re-filed a complaint against Thompson, dba Marc Contracting, and other defendants (not parties to this appeal) for serious injuries sustained by Richard Sharp in 2001 when he fell through an old metal roof of a pole barn that was being replaced.
 {¶ 4} The Sharps alleged in the complaint that at the time of the incident Richard Sharp was either an employee or subcontractor of Thompson. The Sharps asserted negligence claims against the defendants. Thompson filed an answer admitting that Richard Sharp was an employee and denied he was a subcontractor at the time of the incident.[1]
 {¶ 5} Grange moved to intervene as a defendant so that it could assert a cross-claim for declaratory judgment against Thompson regarding insurance coverage. The trial court granted Grange leave to intervene on August 30, 2006. *Page 3 
 {¶ 6} Grange filed its cross-claim against Thompson on September 8, 2006, alleging it had issued to Thompson a Commercial Contractors and Tradesman Policy ("Policy"), also known as a commercial general liability ("CGL") policy, and attached a copy to the pleading. Grange alleged, inter alia, that since Richard Sharp was an employee of Thompson, Grange had no duty to defend or indemnify Thompson for the Sharps' claims because the Policy expressly excludes coverage for bodily injuries to an employee arising out of the course and scope of their employment. Secondly, Grange alleged it had no duty to defend or indemnify Thompson because the Policy expressly excluded coverage for any obligation of the insured under workers' compensation, disability benefits, unemployment compensation law or similar law. Thompson did not file an answer or otherwise respond to Grange's cross-claim.[2]
 {¶ 7} On November 3, 2006, Grange filed a motion for summary judgment under Civ. R. 56, on the basis that under the undisputed facts and terms of the Policy, it is entitled to a declaration that it has no duty to defend or indemnify Thompson with respect to the Sharps' claims. Thompson did not file any opposition or otherwise respond to Grange's summary judgment motion.[3] The trial court summarily granted the motion in Grange's favor on January 2, 2007. On June 18, 2007, the trial court found the decision granting summary judgment in favor of Grange was a final judgment and there was no just reason for delay. *Page 4 
 {¶ 8} Thompson filed a notice of appeal[4] on July 11, 2007, and asserts a single assignment of error.
 {¶ 9} "I. THE TRIAL COURT ERRED WHEN IT GRANTED INTERVENOR/APPELLEE GRANGE MUTUAL CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT BY RULING THAT THERE WAS NO ISSUE OF MATERIAL FACT IN DISPUTE AND THAT GRANGE WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO THE ISSUE OF COVERAGE OF DEFENDANT RICHARD THOMPSON TO ANY INJURIES CAUSED TO PLAINTIFF RICHARD SHARP.
 I. {¶ 10} This matter was decided by the trial court by summary judgment, which may be granted only if (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving, said party being entitled to have the evidence construed most strongly in his favor. Civ. R. 56(C).
 {¶ 11} Appellate review of summary judgment is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Thus, we conduct an independent review of the record and stand in the shoes of the trial court. As such, we must affirm the trial court's judgment if any grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. *Page 5 
 {¶ 12} As an initial matter, it is well established that a party who does not respond to an adverse party's motion for summary judgment may not raise issues on appeal that should have been raised in response to the motion for summary judgment. Thompson v. Ghee (2000),139 Ohio App.3d 195, 199, 743 N.E.2d 459. However, despite Thompson's failure to file any response to Grange's motion for summary, we will address Thompson's assignment of error, in the interest of justice, because the same arguments were raised by the Sharps' memorandum in opposition which was filed in the trial court.
 {¶ 13} Thompson argues in this appeal that Grange was not entitled to summary judgment on its complaint for declaratory relief because Richard Sharp was not an "employee" of Thompson, rather he was a "temporary worker" as those terms are defined in the Policy, and therefore the exclusions relied upon by Grange do not apply to preclude coverage for the Sharps' claims.[5] Additionally, Thompson appears to assert that the Sharps' claims fall outside the workers' compensation exclusion because the Sharps' complaint alleges an intentional tort by Thompson.
 {¶ 14} Grange contends that summary judgment is appropriate because there was no dispute of fact that Richard Sharp was an employee based upon Thompson's admission in his answer to the Sharps' complaint. In addition, Grange submits the Sharps' complaint is barren of an intentional tort claim against Thompson and only asserts a negligence claim. Therefore, the Sharps' claims are subject to Ohio's *Page 6 
compulsory workers' compensation system and within the Policy's workers' compensation exclusion.
 {¶ 15} In order to address the merits of this appeal, we begin with an analysis of Ohio law on the issue of an insurer's duty to defend. The scope of the allegations in a complaint against an insured determines whether an insurance company has a duty to defend the insured.Motorist Mut. Ins. Co. v. Trainor (1973), 33 Ohio St.2d 41,294 N.E.2d 874. An insurer has a duty to defend the insured, `[w]here the allegations state a claim that falls either potentially or arguably within the liability insurance coverage. Cincinnati Indemn. Co. v.Martin (1999), 85 Ohio St.3d 604, 605, 710 N.E.2d 677. If the complaint brings the action within the policy's coverage, the insurer is required to defend its insured regardless of the ultimate outcome of the underlying action. Id. at paragraph two of the syllabus.
 {¶ 16} In addition, the Ohio Supreme Court recently set forth the applicable principles of policy interpretation and construction inCincinnati Ins. Co. v. CPS Holdings, Inc. (2007), 115 Ohio St.3d 306,875 N.E.2d 31, 2007-Ohio-4917. "An insurance policy is a contract whose interpretation is a matter of law." Id., at ¶ 7, citation omitted. "When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement." Id., citation omitted.
 {¶ 17} The insurance policy must be examined as a whole, and a court will presume that the intent of the parties is reflected in the language used in the policy. A court must look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy. "When the language of a written contract is clear, a court may look no further than the writing itself *Page 7 
to find the intent of the parties." Id. A contract is unambiguous as a matter of law if it can be given a definite legal meaning." Id., citation omitted.
 {¶ 18} "Ambiguity in an insurance contract is construed against the insurer and in favor of the insured." Id. at ¶ 8. However, "[t]his rule * * * will be not be applied so as to provide an unreasonable interpretation of the words of the policy." Id., citation omitted.
 {¶ 19} There is no dispute in this case that the Policy denies coverage for harm to employees through both an employee and workers' compensation exclusion provision.[6] This comes as no surprise because many states, including Ohio, have a compulsory contribution system to compensate injured workers. See, R.C. Chapter 4123. The statute provides for recovery for an employee's injuries "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Employers are required to maintain workers' compensation insurance for their employees. R.C. 4123. 35. If an employer fails to obtain coverage and an employee is injured, workers' compensation coverage is still provided to the employee and the employer is responsible for reimbursing the fund dollar for dollar for the costs of the claim. R.C. 4123.75.
 {¶ 20} As noted earlier, the pleadings filed in this matter undisputedly demonstrate that Richard Sharp was an employee of Thompson. We further note Thompson does not dispute that Richard Sharp's injuries were covered by Ohio's workers' compensation statute with which Thompson was required to comply. Nor does *Page 8 
he argue the policy provision is ambiguous or otherwise unenforceable. Instead, Thompson submits that the Sharps' complaint asserts an intentional tort against Thompson, therefore, the Policy's workers' compensation exclusion does not apply, citing Fyffe v. Jeno's Inc.
(1991), 59 Ohio St.3d 115, 570 N.E.2d 1108.
 {¶ 21} In Fyffe, the Ohio Supreme Court held that to establish an intentional tort by an employee against an employer, the employee must demonstrate the following: "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Id., at paragraph one of the syllabus.
 {¶ 22} We agree with Grange that the Sharps' complaint fails to set forth an employer's intentional tort claim against Thompson even under a liberal notice pleading standard. The complaint simply alleges the defendants, including Thompson, were "negligent" (¶ 16) and "as a direct and proximate result of the conduct of Defendants" (¶ 17) the Sharps suffered damages. See, Complaint, filed October 13, 2005.
 {¶ 23} Therefore, we find there is no dispute of material fact that the Sharps' complaint is outside the scope of the Policy's coverage as the workers' compensation exclusion bars coverage under these circumstances. Grange has no duty to defend Thompson against a claim that was clearly and unambiguously excluded from coverage. *Page 9 
 {¶ 24} We decline to address the parties' remaining arguments in regards to the "temporary worker" exception, as interesting as it may be, because summary judgment on the issue of Grange's duty to defend was resolved by application of the workers' compensation exclusion as set forth in the Policy.
 {¶ 25} Accordingly, we affirm the entry of summary judgment in favor of Grange and overrule Thompson's assignment of error.
By: Delaney, J. Farmer, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Grange retained legal counsel for Thompson subject to a reservation of rights.
[2] Averments in a pleading to which a responsive pleading is required are admitted when not denied pursuant to Civ. R. 8(D). Doepker v. WilloSecurity, Inc., 5th Dist. No. 2007CA00184, 2008-Ohio-2008, ¶ 44.
[3] The record reflects the Sharps filed an untimely memorandum in opposition on December 4, 2006, to Grange's summary judgment motion. On December 8, 2006, Grange moved to strike the memorandum. The trial court overruled the motion to strike on January 2, 2007.
[4] The record also reflects the Sharps filed a notice of appeal on July 17, 2007, which was assigned Case No. 07CA 15, however it was voluntarily dismissed on August 20, 2007.
[5] On appeal, Thompson supports this position with his deposition testimony taken on August 3, 2004 in the original lawsuit. The deposition was not re-filed in the instant action until April 9, 2007, several months after the trial court granted Grange's summary judgment motion. In addition, the Plaintiffs did not rely any part of Thompson's deposition in opposing Grange's motion. Therefore, we will not consider this evidence in our review of this appeal.
[6] Specifically, the Policy states: "This insurance does not apply to * * * `bodily injury' to an `employee' of the insured arising out of and in the course of: (a) Employment by the insured; or (b) Performing duties related to the conduct of the insured's business; * * * Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law." *Page 1