THE STATE EX REL. HATTIE, APPELLEE, *v.* GOLDHARDT, ACTING CHIEF, ADULT PAROLE AUTHORITY, APPELLANT.

[Cite as *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123.]

(No. 92–2057—Submitted February 1, 1994—Decided April 27, 1994.)

124

*Terrence W. Hattie, pro se.*

*Lee Fisher,* Attorney General, and *Donald A. Cataldi,* Assistant Attorney General, for appellant.

*Gloria Eyerly,* Ohio Public Defender, and *Kenneth R. Spiert,* Assistant Public Defender, urging affirmance for *amicus curiae,* Ohio Public Defender Commission.

---

*Per Curiam.* To obtain a writ of mandamus, the relator must show that he has a clear legal right to the relief requested, the respondent has a clear legal duty to grant it, and no adequate remedy at law exists to vindicate the claimed right. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 50–51, 451 N.E.2d 225, 226–227. The court of appeals found that respondent had a clear legal duty to "correct" Hattie's scoresheet, a duty derived from the Due Process Clause.[1]

We cannot agree. The Fourteenth Amendment forbids a state to "deprive any person of life, liberty, or property, without due process of law * * *." Hence, the Due Process Clause applies "only if a government action will constitute the impairment of some individual's life, liberty or property." 2 Rotunda & Nowak, Treatise on Constitutional Law (1992) 580, Section 17.2.

"There is no constitutional or inherent right * * * to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675. A prisoner who is denied parole is not thereby deprived of "liberty" if state law makes the parole decision discretionary. *State ex rel. Blake v. Shoemaker* (1983), 4 Ohio St.3d 42, 4 OBR 86, 446 N.E.2d 169; *State ex rel. Ferguson v. Ohio Adult Parole Auth.* (1989), 45 Ohio St.3d 355, 356, 544 N.E.2d 674, 675.

Under R.C. 2967.03, the parole decision is discretionary. *Blake, supra; Ferguson, supra.* The APA's use of internal guidelines does not alter the decision's discretionary nature. Because neither statute nor regulation created the guidelines, and the board need not follow them, they place no "substantive limits on official discretion." *Olim v. Wakinekona* (1983), 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813, 823. Thus, Hattie was deprived of no protected

---

1. *Amicus* urges us to hold that Ohio law creates an independent legal duty, enforceable in mandamus, to maintain accurate records. We decline to consider this question: the parties have not raised it, nor did the court of appeals consider it. In any case, Hattie would not be entitled to the writ even were we to accept *amicus'* argument, since he has not proven the scoresheet inaccurate.

liberty interest when he was denied parole, and can claim no due process rights with respect to the parole determination. *Jago v. Van Curen* (1981), 454 U.S. 14, 20–21, 102 S.Ct. 31, 35, 70 L.Ed.2d 13, 19.

Two federal cases do hold that a parole candidate has a due process right to have errors expunged from his records. See *Paine v. Baker* (C.A.4, 1979), 595 F.2d 197, cited by the court of appeals, and *Monroe v. Thigpen* (C.A.11, 1991), 932 F.2d 1437. However, we find neither case persuasive. *Paine,* a pre-*Greenholtz* case, did not consider whether the state's parole laws created a liberty interest. In *Monroe,* the court recognized that the state's law did not create a liberty interest in parole, 932 F.2d at 1441, yet held that the state behaved "arbitrarily and capriciously" in retaining concededly false information in the prisoner's file. *Id.* at 1442. The *Monroe* court simply failed to recognize that a state action cannot violate procedural due process unless it deprives someone of "life, liberty, or property."

Because Hattie is not being deprived of life, liberty, or property, he cannot invoke due process to challenge his scoresheet. Thus, he has failed to demonstrate that the APA has a clear legal duty to change his scores. It follows that he is not entitled to the writ of mandamus, and the court of appeals erred in granting it.

We note that, even if Hattie had a due process right to an accurate scoresheet, he did not prove the scoresheet inaccurate. Instead, the court of appeals effectively required the APA to prove its accuracy, and thus misallocated the burden of persuasion. See *State ex rel. Temke v. Outcalt* (1977), 49 Ohio St.2d 189, 190, 3 O.O.3d 248, 249, 360 N.E.2d 701, 702; *Hill v. State* (Ala.Crim.App. 1992), 594 So.2d 246, 248.

The court of appeals found that "Hattie was never * * * adjudicated a juvenile delinquent based upon felony conduct." That finding is not supported by evidence. Hattie's 1977 delinquency adjudication was for receiving stolen property, which can be either a felony or a misdemeanor. See R.C. 2913.51(B) and 2913.71. Similarly, the court found "no basis for * * * assessing [Hattie] points for 'Other Drug Usage Problems.'" But the APA did not have to provide a basis for that assessment; Hattie had to prove it wrong. His carefully worded affidavit does not support his claim that he has no drug problem.

Hattie has failed to show that the APA has a clear legal duty to alter his scoresheet. The Due Process Clause has no application here, for Hattie is not being deprived of liberty. Consequently, the court of appeals improperly awarded the writ of mandamus, and its judgment must be reversed.

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.