OPINION AND JOURNAL ENTRY
 STATEMENT OF THE CASE
On October 18, 2000, Petitioner filed a Petition for Writ of Habeas Corpus requesting that this court order his immediate release from the Belmont Correctional Institution. Specifically, Petitioner alleges that the Ohio Adult Parole Authority's (OAPA) decision not to grant Petitioner's parole violated the Ohio Parole Guidelines and was based upon inappropriate and misleading information, thereby violating Petitioner's minimum due process rights.
Petitioner alleges that the new OAPA parole hearing board guidelines manual which the OAPA adopted in March of 1998 was not used in denying Petitioner's parole, nor in determining Petitioner's new parole eligibility date of September 1, 2002.
On November 5, 2000, Respondent filed their motion to dismiss alleging that Petitioner does not have a constitutionally protected liberty interest in parole, and that Petitioner has failed to state a claim upon which relief may be granted since there is no constitutionally protected liberty interest in a denial of parole before the expiration of a prisoner's maximum sentence period.
 STATEMENT OF THE FACTS
On October 31, 1990, Petitioner was indicted on one count of felonious assault, with specifications, and one count of vandalism. On January 30, 1991, Petitioner entered a guilty plea to the charges and on March 25, 1991 was sentenced to a term of three to fifteen years for the felonious assault and one year for the vandalism. The sentences were suspended and Petitioner was placed on five years probation.
After violating his probation, on October 10, 1995, the trial court ordered Petitioner's original sentence into execution. After serving his one year on the vandalism sentence, he was placed on one year probation for the felonious assault case. In August 1996, Petitioner was found to be a probation violator due to his failure of numerous drug tests, and his original sentence again was ordered into execution.
On October 8, 1997, October 24, 2997, November 12, 1997 and August 1998, Petitioner, while incarcerated, committed various institutional rule violations. On April 26, 1999, the parole board denied Petitioner parole and set his next hearing date for September of 2000. On July 19, 2000 at an early hearing, the parole board issued a decision continuing Petitioner's parole eligibility date until September 1, 2002. This instant petition for writ of habeas corpus followed.
 ANALYSIS
Petitioner's allegation that he was deprived of his minimum due process rights is without merit. The Ohio State Supreme Court addressed the "due process" arguments as they relate to parole board decisions in State exrel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, where that court stated:
 "The Fourteenth Amendment forbids a state to `deprive any person of life, liberty, or property, without due process of law * * *.' Hence, the Due Process Clause applies `only if a government action will constitute the impairment of some individual's life, liberty or property.' 2 Rotunda Nowak, Treatise on Constitutional Law (1992) 580, Section 17.2.
 `There is no constitutional right * * * to be conditionally released before the expiration of a valid sentence.' Greenholtz v. Inmates of Nebraska Penal Correctional Complex (1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675. A prisoner who is denied parole is not thereby deprived of `liberty' if state law makes the parole decision discretionary. State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42, 4 OBR 86, 446 N.E.2d 169; State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355, 356, 544 N.E.2d 674, 675.
 Under R.C. 2967.03, the parole decision is discretionary. Blake, supra; Ferguson, supra. The APA's use of internal guidelines does not alter the decision's discretionary nature. Because neither statute nor regulation created the guidelines, and the board need not follow them, they place no `substantive limits on official discretion.' Olim v. Wakinekona
(1983), 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813, 823."
This Petitioner was deprived of no protected liberty interest when he was denied parole, and can claim no due process rights with respect to the parole board determination on his new parole eligibility date. Jagov. Van Curen (1981), 454 U.S. 14, 20-21.
Petitioner's argument that the parole board's decision not to grant him parole was based upon inappropriate and misleading information is also without merit, since Petitioner has not directed this court to what specific information is in question, nor has he supplied any proof of his allegation.
Petitioner's allegations concerning the use of the Ohio Parole Guidelines by parole boards was also recently addressed in the case ofMayrides v. Ohio State Adult Parole Auth. (Apr. 30, 1998), Franklin App. No. 97APE08-1035, unreported, where that court stated, in relevant part:
 "By definition, the term `rule' means `any rule, regulation or standard, having a general and uniform operation, adopted, promulgated, and enforced by any agency under the authority of the laws governing such agency, and includes any appendix to a rule. `Rule' does not include any internal management rule of any agency unless the internal management rule affects private rights and does not include any guideline adopted pursuant to section 3301.0714 of the Revised Code.' R.C. 119.01(C). By contrast, the Supreme Court in Hattie, supra, found that the Adult Parole Authority's `use of internal guidelines does not alter the decision's discretionary nature. Because neither statute nor regulation created the guidelines, and the board need not follow them, they place no `substantive limits on official discretion.'' Hattie, supra, at 125, 630 N.E.2d 696, citing Olim v. Wakinekona, at 249, 1747. Given the non-binding nature of the parole guidelines which in no way limit the discretion granted to defendant under R.C. 2967.03, the parole guidelines are not rules and need not be promulgated in accordance with R.C. 111.15 and 119.03(I). Moreover, `even if the guidelines were made a rule or were disregarded, no right [of plaintiff] to release or parole would be created.' Wise v. Ohio Dept. of Rehab. Corr. (1992), 84 Ohio App.3d 11, 14, 616 N.E.2d 251."
The court in Mayrides, supra, also stated:
 "In Linger v. Ohio Adult Parole Auth. (Oct. 14, 1997), Franklin App. No. 97APE04-482, unreported (1997) Opinions 4274, 4279), this court held that unless a prisoner is denied parole for a constitutionally impermissible reason, `the decision to deny parole is not subject to judicial review.' As the court explained, long established precedent indicates that Ohio does not give a convicted person a claim of entitlement to parole before the expiration of a valid sentence. Rather, as pointed out in Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Authority (1991), 929 F.2d 233, which relied on the Supreme Court's opinion in Olim v. Wakinekona
(1983), 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813, under Ohio's system, where the decisionmaker can deny the requested relief for any constitutionally permissible reason or for no reason at all, the state has not created a constitutionally protected liberty interest."
We agree with the court's ruling in Mayrides, supra, and since Petitioner in this case does not assert that he was denied parole for a constitutionally impermissible reason, such as race, sex, etc., the decision to deny him parole is not subject to judicial review.
Since under Ohio law the parole board decisions are discretionary, the use of the parole board guidelines is not mandatory, and Petitioner has not been deprived of his "due process" rights for any constitutionally impermissible reason, Petitioner has no constitutionally protected liberty interest in his projected release date or of parole before his maximum sentence has expired.
For all the reasons cited above, Petitioner's Petition for Writ of Habeas Corpus is without merit.
Respondent's Motion to Dismiss is granted.
Final Order. Costs taxed to Petitioner.
Clerk to serve a copy of this order on the parties as provided by the Civil Rules.
Vukovich, J., concurs, Donofrio, J., concurs, Waite, J., concurs.