DECISION
{¶ 1} Relator, Darryl Smith, has filed this original action in mandamus requesting this court to issue a writ of mandamus against respondents Ohio Department of Rehabilitation and Correction and Ohio Adult Parole Authority regarding denial of his application for parole following an April 2001 hearing by the Ohio Adult Parole Authority.
 {¶ 2} This matter was referred to a magistrate pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals who issued a decision, including findings of fact and conclusions of law. (Attached hereto as Appendix A.) In his decision, the magistrate summarized the law relevant to relator's requested writ relying on State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123 to determine that relator has no constitutional, statutory or inherent right to parole. Applying Hattie here, the magistrate concluded that relator's complaint in mandamus was flawed and that respondents' motion for summary judgment should be granted.
 {¶ 3} Relator filed an objection to the decision of the magistrate continuing to argue that respondents were required to find him eligible for parole. For reasons already adequately addressed in the decision of the magistrate, the objection is overruled.
 {¶ 4} Following independent review, pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. However, we modify the decision of the magistrate to delete the final sentence in the third to last paragraph of page five of the decision as unnecessary to the resolution of this case. We adopt the decision of the magistrate as modified as our own including the findings of fact and conclusions of law contained in it. In accordance with the decision of the magistrate, respondents' motion for summary judgment is granted.
Objection overruled;
motion for summary judgment granted.
BRYANT and KLATT, JJ., concur.
 IN MANDAMUS ON RESPONDENTS' MOTION FOR SUMMARY JUDGMENT {¶ 1} In this original action, relator, Darryl Smith, requests that a writ of mandamus issue against respondents Ohio Department of Rehabilitation and Correction ("ODRC") and Ohio Adult Parole Authority ("OAPA") regarding a denial of parole following an April 2001 OAPA hearing.
Findings of Fact:
 {¶ 2} 1. On January 25, 2002, relator, Darryl Smith, an inmate of the Southern Ohio Correctional Facility ("SOCF"), filed this mandamus action.
 {¶ 3} 2. According to the complaint, relator is currently serving an indefinite prison sentence of from 8 to 35 years. In March 2000, relator was transferred to SOCF.
 {¶ 4} 3. According to the complaint, relator was notified by an OAPA letter dated May 18, 2001, as follows:
 {¶ 5} "The Departmental Policy 501-36, effective December 22, 2000, states `any inmate with a maximum security classification * * * at the time of release eligibility, shall not be granted a release.' This is the Department and Parole Board's approved policy, regardless of the crime or parole violations an offender is incarcerated for committing. In order to receive a parole, you must reduce your security level to close security. Once your security level is reduced, regardless of what institution you are housed at, you will be eligible for parole release.
 {¶ 6} "* * *
 {¶ 7} "At your last hearing in April 2001, the panel recommended that your case be continued until December 2002 to allow you to reduce your security level and, thereby, become eligible for parole release. The Parole Board, by policy, cannot grant you a parole until you have reduced your security level. You are strongly encouraged to reduce you security level before your next Parole Board Hearing. No further action will be taken at this time."
 {¶ 8} 4. According to the complaint, the ODRC policy set forth in the May 18, 2001 OAPA letter effectively eliminates relator's parole eligibility and illegally transforms his indefinite sentence to a 35-year definite sentence.
 {¶ 9} 5. On May 3, 2002, respondents moved for summary judgment under Civ.R. 56. In support, respondents submitted the May 1, 2002 affidavit of Dana Greer, SOCF's records supervisor ("Greer affidavit"). The Greer affidavit states that Darryl Smith is currently incarcerated at SOCF as a maximum security inmate.
 {¶ 10} 6. The Greer affidavit presents the May 18, 2001 OAPA letter, a copy of which relator attached to his complaint.
 {¶ 11} 7. The Greer affidavit also presents ODRC Policy 501-36 which states in part:
 {¶ 12} "Appropriate conduct and adherence to institution rules and regulations are necessary for the orderly and safe operation of a correctional institution. Inmates who present an unacceptable risk to other inmates and staff represent an unacceptable risk to the community. Any inmate with a maximum security classification or any other classification title utilized to denote the most serious security risk inmates, at the time of release eligibility, shall not be granted release. A continued date shall be established which, to the extent possible, gives at least sufficient time for the inmate to be eligible for a security classification review which may lead to a security classification reduction. Release at any such projected release date shall be conditioned upon the inmate receiving a security classification less than maximum, or any other security classification title utilized to denote the most serious security risk inmates."
 {¶ 13} 8. On June 10, 2002, relator filed his written response to respondents' motion for summary judgment. Relator attached another copy of the OAPA May 18, 2001 letter, among other documents submitted.
 {¶ 14} 9. On June 12, 2002, respondents filed another memorandum in support of summary judgment.
 {¶ 15} 10. On June 21, 2002, relator filed another memorandum regarding respondents' summary judgment motion.
Conclusions of Law:
 {¶ 16} It is the magistrate's decision that this court grant respondents' motion for summary judgment.
 {¶ 17} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337,339-340; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 18} Relator has no constitutional, statutory, or inherent right to parole. State ex rel. Miller v. Leonard (2000), 88 Ohio St.3d 46; State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125. Moreover, a prisoner has no constitutional or inherent right to be released from prison before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex (1979),442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668; Hattie, supra.
 {¶ 19} The decision whether and when to grant parole lies within the absolute discretion of the OAPA. R.C. 2967.03; Woods v. Telb (2000),89 Ohio St.3d 504, 512; State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355; State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42, 43. Moreover, the OAPA's use of internal guidelines does not alter the decision's discretionary nature. Hattie at 125; Thompson v. Ghee (2000), 139 Ohio App.3d 195, 200. Similarly, the decision to provide a parole hearing is not obligatory, but discretionary on the part of OAPA. State ex rel. Thompson v. Clark (1982),7 Ohio App.3d 191.
 {¶ 20} Given those parameters, the premise for relator's complaint in mandamus is flawed. The parole decision was within the absolute discretion of the OAPA. Relator's allegations are not reviewable in this action.
 {¶ 21} Accordingly, it is the magistrate's decision that this court grant respondents' motion for summary judgment.