OPINION
{¶ 1} Plaintiff-appellant, Johnny A. Fugett, pro se, appeals from the May 9, 2002 entry and order of the Franklin County Court of Common Pleas granting a motion filed by defendant-appellee, Margarette T. Ghee, chairperson of the Ohio Adult Parole Authority ("OAPA"), to dismiss appellant's complaint for declaratory and injunctive relief pursuant to Civ.R. 12(B)(6). For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} In 1980, appellant was convicted of murder and sentenced to 15 years to life. On April 12, 1990, appellant escaped from the London Correctional Camp. Appellant voluntarily surrendered himself on August 13, 1990. On October 17, 1990, the Rules Infraction Board found appellant guilty of escape. Appellant was indicted by the Madison County Grand Jury, pled guilty, and was subsequently sentenced to a determinate term of six months, to be served consecutively with his current sentence for murder. According to appellant, his determinate sentence was to expire on April 2, 1991. (Complaint ¶ 25.) However, he was granted a 30 percent good-time reduction, three days credit for the month of November 1990, and three days credit for the month of December 1990, thereby reducing the expiration of his six-month determinate sentence to February 20, 1991. (Complaint ¶ 26-27, 29, 31.)
 {¶ 3} On January 17, 1991, appellant appeared before an OAPA hearing panel for parole consideration on the escape conviction only. According to appellant, he was told that no further action would be taken on the escape conviction. (Complaint ¶ 32.) Appellant alleges that at the January 17 hearing, he received written notice that the determinate sentence would expire on February 20, 1991.
 {¶ 4} On November 18, 1993 and November 20, 1995, appellant appeared before the OAPA hearing panel for parole consideration. According to appellant, the parole board did not consider the escape conviction at either hearing. (Complaint ¶ 36-37.) At the November 20, 1995 hearing, the OAPA hearing panel recommended that appellant be given a full hearing.
 {¶ 5} On February 1, 1996, at the full hearing, the panel considered appellant's escape conviction. Appellant's hearing was continued to January 2000. Appellant hired an attorney to investigate the decision of the parole board. On November 20, 1997, the parole board granted appellant a "half-time" review hearing. On January 23, 1998, the board denied appellant's parole based on his escape conviction. (Complaint ¶ 42.)
 {¶ 6} On November 22, 1999, appellant appeared before the board. According to the new guidelines implemented on March 1, 1998, appellant was assigned 210 to 270 months for the murder conviction and 36 to 48 months for the escape conviction. Appellant alleged that the guidelines changed his determinate six-month sentence for the escape conviction to an indeterminate sentence of 36 to 48 months. (Complaint ¶ 49.)
 {¶ 7} For reasons not apparent from the record, appellant was granted additional parole hearings on September 21, 2000 and December 15, 2000. On September 21, 2000, appellant was assigned 240 months for the murder conviction and 42 months for the escape conviction. (Complaint ¶ 54.) Thus, appellant was required to serve 282 months before he would be considered for parole. On December 15, 2000, appellant was assigned 210 to 270 months for his original term of confinement, and 36 to 48 months for the escape conviction. Appellant had already served 248 months, but the parole consideration hearing was continued because appellant was required to serve between 246 to 318 months before he could be paroled. (Complaint ¶ 63-64.)
 {¶ 8} Appellant alleged that he submitted documents and records to the OAPA hearing panel demonstrating that his escape conviction had expired. (Complaint ¶ 65.) Appellant contends he was denied parole consideration as a result of the panel using the new parole guidelines, which permitted the panel to aggregate the expired sentence to impose additional imprisonment. (Complaint ¶ 68.)
 {¶ 9} On December 18, 2001, appellant sought a declaratory judgment that the OAPA practices and procedures outlined in his complaint violated his rights, privileges and immunities guaranteed under the United States and Ohio Constitutions, the Civil Rights Act of 1871, Section 1983, Title 42, U.S. Code, the right to be free from cruel and unusual punishment, the right to be free from unfair, unreasonable, or arbitrary government actions, denial of due process and equal protection of the law, the prohibition against double jeopardy, ex post facto, and separations of powers doctrine. Specifically, appellant alleged that his constitutional rights were violated when the board retaliated against him because he escaped. Appellant argued that his escape conviction was unlawfully aggregated because the six-month sentence imposed for escaping had expired. On February 5, 2002, appellee filed a motion to dismiss. On February 19, 2002, appellant filed a memorandum contra to appellee's motion to dismiss. On May 9, 2002, the trial court dismissed appellant's complaint. It is from this entry that appellant appeals, raising the following as error:
 {¶ 10} "The trial court erred in granting appellee`s motion to dismiss under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364."
 {¶ 11} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contractors., Inc. (1990), 49 Ohio St.3d 228, 229. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548. The court will only look to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. Under a de novo analysis, we must accept all factual allegations in the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991), 57 Ohio St.3d 56, 60.
 {¶ 12} It must be remembered that appellant has no constitutional right to parole. State ex rel. Hattie v. Goldhardt (1994),69 Ohio St.3d 123. The OAPA has wide discretion in parole matters. Woods v. Telb (2000), 89 Ohio St.3d 504, 512; State ex rel. Lipschutz v. Shoemaker (1990), 49 Ohio St.3d 88, 90; State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355; State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42, 43. The OAPA's use of internal guidelines does not alter the decision's discretionary nature. Hattie, supra, at 125; Thompson v. Ghee (2000), 139 Ohio App.3d 195, 200; Harris v. Wilkinson (Nov. 27, 2001), Franklin App. No. 01AP-598.
 {¶ 13} Additionally, R.C. 2967.03 vests discretion in the OAPA to "grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society."
 {¶ 14} "In any parole determination involving indeterminate sentencing, the Adult Parole Authority must assign an inmate the offense category score that corresponds to the offense or offenses of conviction." Layne v. Ohio Adult Parole Auth. (2002), 97 Ohio St.3d 456, syllabus. But the OAPA retains discretion to consider any circumstances relating to the offense or offenses of conviction, including crimes that did not result in conviction, as well as any other factors the OAPA deems relevant. Id. at 464; Hemphill v. Ohio Adult Parole Auth. (1991),61 Ohio St.3d 385, 386; Randolph v. Ohio Adult Parole Auth. (Jan. 21, 2000), Miami App. No. 99-CA-17.
 {¶ 15} In this case, appellant filed a complaint for declaratory judgment, which is a civil action that provides a remedy in addition to other legal and equitable remedies that are available. Aust v. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677, 681. To maintain an action for declaratory judgment, three elements must be present: (1) a real controversy must exist between the adverse parties; (2) the controversy is justiciable in nature; and (3) speedy relief is necessary to the preservation of rights that may otherwise be impaired or lost. Id.; Papp v. Ohio State Adult Parole Auth., Franklin App. No. 01AP-892, 2002-Ohio-199.
 {¶ 16} Here, while appellant concedes that the OAPA can properly consider his escape conviction and any other factors when determining his eligibility for parole, he argues that the OAPA improperly required him to serve additional months for a six-month determinate sentence, which had expired in February 1991. The trial court determined the dismissal of appellee's complaint was warranted because appellant had no constitutional right to parole. Presuming all factual allegations contained in appellant's complaint to be true, considering the attachments to his complaint, and making all reasonable inferences in favor of appellant, we conclude appellant has failed to state a claim.
 {¶ 17} Both the Ohio Revised Code and the Ohio Administrative Code give the OAPA the authority to investigate and examine any matters affecting appellant's ability to be at liberty without being a threat to society. In carrying out its statutory duty to determine appellant's suitability for parole, the OAPA may investigate and examine appellant concerning his mental and moral qualities and characteristics and any other matters affecting appellant's fitness to be at liberty without being a threat to society. R.C. 2967.03.
 {¶ 18} In 1979 when appellant committed the offense of murder, he fled to Florida. In 1990, while incarcerated, appellant escaped from the institution and was gone for four months. As a result of escaping from the institution, appellant was sentenced to a six-month determinate sentence. Appellant's determinate sentence expired on February 20, 1991. On December 15, 2000, the OAPA properly assigned appellant the appropriate offense category score that corresponded to the indeterminate sentence on the murder conviction. Layne, supra. The OAPA also had within its discretion to consider, among other factors, appellant's prior pattern of criminal behavior, along with appellant's conduct and any new crimes appellant committed while incarcerated. Ohio Adm. Code 5130:1-1-07; Layne, supra. By doing so, the OAPA concluded that appellant needed to serve an additional 36 to 48 months, thereby aggregating the guideline range to 246 to 318 months. Because appellant was convicted for escape while he was serving an indeterminate sentence for murder, it was appropriate for the OAPA to consider that conviction in deciding appellant's eligibility for parole. The OAPA had within its discretion to conclude that appellant was not ready to be put on parole consistent with the safety of society. Such a decision is the prerogative of the OAPA. As such, we find appellant's argument lacks merit.
 {¶ 19} In addition, the trial court held that appellant had no claim under Section 1983, Title 42, U.S. Code pursuant to Heck v. Humphrey (1994), 512 U.S. 477, 114 S.Ct. 2364. In Heck, at 486-487, the Supreme Court held that:
 {¶ 20} "* * * [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal * * * or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."
 {¶ 21} Further, the Supreme Court in Preiser v. Rodriguez (1973),411 U.S. 475, 93 S.Ct. 1827, held that habeas corpus is the exclusive remedy for a state prisoner who challenges the duration of his confinement and seeks immediate release. Appellant is challenging the validity of the OAPA assigning additional months onto his expired six-month sentence for the escape conviction. Appellant's claim for relief is not cognizable under § 1983, as his conviction or sentence has not been invalidated. As a practical matter, appellant's complaint was therefore properly dismissed pursuant to Civ.R. 12(B)(6). Accordingly, appellant's sole assignment of error is not well-taken and is overruled.
 {¶ 22} For the foregoing reasons, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and BROWN, J., concur.