OPINION
{¶ 1} Plaintiff-appellant, James W. Collins, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees, Ohio Adult Parole Authority, Margarette Ghee, and Harry Hageman. Because the trial court properly granted summary judgment to defendants, we affirm.
 {¶ 2} Plaintiff is an inmate at a state correctional facility and is serving a life sentence for aggravated murder. On June 6, 2001, plaintiff filed a complaint for declaratory and injunctive relief in the Common Pleas Court of Montgomery County, alleging the parole guidelines adopted in 1998, as applied to him, impermissibly increase minimum eligibility requirements for parole and thus violate due process, equal protection and the constitutional prohibition against ex post facto laws. See Layne v. Ohio Adult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719, at ¶ 2 ("[t]he [Adult Parole Authority's] new guidelines set forth a `parole guidelines chart' to determine the range of time that prisoner should serve before being released. When considering inmates for parole the [Adult Parole Authority] relies on a combination of two factors: the seriousness of an offender's criminal offense and the offender's risk of recidivism").
 {¶ 3} On August 1, 2001, over plaintiff's objection, the common pleas court of Montgomery County granted defendants' motion for change of venue to Franklin County. On August 8, 2002, the Franklin County Common Pleas Court granted defendants' motion to file an answer instanter. Defendants subsequently moved for summary judgment and the trial court granted the motion. Plaintiff timely appeals and assigns the following errors:
 {¶ 4} "I. The trial court erred and abused its discretion by granting the defendant's [sic] summary judgment.
 {¶ 5} "II. The trial court erred and abused it's [sic] discretion in granting the defendant's [sic] leave to file an answer, when said leave was based upon false, and misleading pleadings.
 {¶ 6} "III. The Montgomery County Court of Common Pleas erred in changing venue to that of Franklin County.
 {¶ 7} "IV. Whether a pro-se plaintiff or defendant should be deprived the same due process and equal protection as that of ones represented by counsel."
 {¶ 8} Plaintiff's first assignment of error asserts the trial court abused its discretion by granting defendants' motion for summary judgment.
 {¶ 9} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 10} Under Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher at 293; Vahila v. Hall (1997),77 Ohio St.3d 421, 430; Civ.R. 56(E).
 {¶ 11} "There is no constitutional or inherent right to be released before the expiration of a valid sentence." State ex rel. Miller v. Leonard (2000), 88 Ohio St.3d 46, 47, certiorari denied,530 U.S. 1223, 120 S.Ct. 2236, citing Greenholtz v. Inmates of Nebraska Penal Correctional Complex (1979), 442 U.S. 1, 7, 99 S.Ct. 2100; State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125; Robertson v. Ohio Adult Parole Auth., Franklin App. No. 01AP-1111, 2002-Ohio-4303, at ¶ 33. An inmate that is denied parole is deprived of no protected liberty interest and can claim no due process rights with respect to a parole determination. State ex rel. Hattie at 125-126. See, also, State ex rel. Miller at 47 (observing that nothing in Am.Sub.S.B. No. 2 conferred a mandatory right to parole). As a result, and contrary to plaintiff's claims, defendants have not violated plaintiff's due process rights simply in denying him parole.
 {¶ 12} Although the Adult Parole Authority has "wide-ranging discretion" in parole matters, its "discretion must yield when it runs afoul of statutorily based parole eligibility standards and judicially sanctioned plea agreements." Layne at ¶ 28. See, also, R.C. 2967.03; Layne at ¶ 28, fn. 6 (noting 1996 Am.Sub.S.B. No. 2 amended R.C.2967.03, "but the substance of the statute remained unchanged"). Layne thus held "that in any parole determination involving indeterminate sentencing, the [Adult Parole Authority] must assign an inmate an offense category score that corresponds to the offense or offenses of conviction." Id. at ¶ 28. Nonetheless, "when considering an inmate for parole, [the Adult Parole Authority] still retains discretion to consider any circumstances relating to the offense or offenses of conviction, including crimes that did not result in conviction, as well as any other factors the [Adult Parole Authority] deems relevant." Id.
 {¶ 13} Defendants' application of parole guidelines to plaintiff was consistent with Layne. Plaintiff, who was sentenced in 1979 to a term of life imprisonment arising from his conviction for aggravated murder, was rated category 13 in parole hearings conducted in January 1999 and April 2001. According to documentation in the record, category 13 of the revised guidelines includes the offense of aggravated murder.
 {¶ 14} Additionally, plaintiff claims mitigating circumstances support a lower category score. The Adult Parole Authority's "wide-ranging discretion" in parole matters includes consideration of "any other factors" the Adult Parole Authority "deems relevant." Layne at ¶ 28. Although plaintiff's assessment of his suitability for parole differs from the Adult Parole Authority's assessment, the record does not support plaintiff's contention that defendants acted unreasonably, arbitrarily or unconscionably in the exercise of the Adult Parole Authority's wide-ranging discretion.
 {¶ 15} Plaintiff also contends defendants violated his equal protection rights. "`To succeed on a claim challenging a parole release decision and the broad discretion afforded the Parole Authority for purposes of establishing a violation of equal protection, a complaining party must show "exceptionally clear proof" that the board abused its discretion. * * * Specifically, the prisoner must show "purposeful discrimination" and then establish that the discrimination had a discriminatory affect [sic] on him.' * * * Thus, `an equal protection plaintiff cannot prevail if the defendants have legitimate, non-discriminatory reasons for their actions.'" Mayrides v. Ohio State Adult Parole Auth. (Apr. 30, 1998), Franklin App. No. 97APE08-1035, dismissed, appeal not allowed, 83 Ohio St.3d 1430, certiorari denied (1999), 526 U.S. 1022, 119 S.Ct. 1260. See, also, Nedea v. Voinovich (N.D.Ohio., 1998), 994 F. Supp. 910, 916-917.
 {¶ 16} While plaintiff asserted disparity in parole release decisions based on race and gender, plaintiff failed to provide evidence to demonstrate how, if at all, defendants used race and gender in making its parole decisions regarding plaintiff. See, e.g., Nedea at 917. In response, plaintiff contends defendants' failure to comply with his discovery request for production of documents and interrogatories limited his ability to proffer evidence to support his claim. Apart from the fact that plaintiff's document request was unduly burdensome because it requested much that arguably is irrelevant to the issues posed by his complaint, plaintiff's argument is not persuasive because plaintiff did not file a Civ.R. 56(F) affidavit in response to defendants' summary judgment motion explaining the need for responses to his discovery requests.
 {¶ 17} Similarly, the record contains no evidence that defendants had any other purposeful discriminatory intent, or that defendants lacked legitimate, non-discriminatory reasons for their actions to deny him parole. See Mayrides, supra. Indeed, because the Adult Parole Authority considers a myriad of factors in reaching parole determinations, plaintiff cannot maintain an equal protection argument by simply claiming he is similarly situated with other inmates. Loper v. Ohio Adult Parole Auth. (June 28, 2001), Franklin App. No. 00AP-436. Moreover, disproportionate impact alone is insufficient to state a constitutional claim. Nedea at 917, quoting Pariseau v. Ghee (S.D.Ohio, July 18, 1996), No. Civ.A. 2:95-CV-851.
 {¶ 18} Lastly, "[i]t is firmly established that a prisoner has no right to rely on the parole guidelines in effect prior to his parole hearing date, and thus application of amended parole guidelines does not violate ex post facto prohibitions." Robertson at ¶ 34, citing State ex rel. Bealler v. Ohio Adult Parole Auth. (2001), 91 Ohio St.3d 36. As a result, plaintiff's contention that defendants violated ex post facto prohibitions in applying amended parole guidelines is unavailing. Accordingly, plaintiff's first assignment of error is overruled.
 {¶ 19} Plaintiff's second assignment of error asserts the Franklin County Court of Common Pleas abused its discretion in granting defendants' motion to file an answer instanter.
 {¶ 20} "It is well recognized that a court may permit the filing of an untimely answer where there is sufficient evidence of excusable neglect on the record. * * * The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than on procedural grounds. * * * Further, a trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. * * * The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * * Accordingly, where a defendant, after failing to file a timely answer, files a Civ.R. 7(B)(1) motion setting forth grounds of excusable neglect pursuant to Civ.R. 6(B), the court may permit the defendant to file a timely answer, thereby permitting the case to proceed on its merits." Fowler v. Coleman (Dec. 28, 1999), Franklin App. No. 99AP-319, dismissed, appeal not allowed (2000), 88 Ohio St.3d 1497. See, also, State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995), 72 Ohio St.3d 464, 466 ("[a]lthough excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6[B][2] is less stringent than that applied under Civ.R. 60[B]").
 {¶ 21} Here, in defendants' memorandum in support of their motion for leave to file an answer instanter, defendants argued they mistakenly believed plaintiff was a class member in a separate class action suit and, as a consequence, was enjoined from individually litigating his claims. In their memorandum, defendants contended their confusion was compounded by the fact that approximately 60 similar cases were filed in Franklin County and less than 10 had not been consolidated in the pending class action. Noting plaintiff failed to move for a default judgment, defendants asserted their untimely answer would not prejudice plaintiff. Plaintiff, however, contends that, as early as four months prior to their motion, defendants knew plaintiff's case was not consolidated with the separate class action, as evidenced by a February 2002 letter from defendants' counsel that stated defendants did not move to consolidate plaintiff's case with the class action because plaintiff did not meet the class action's criteria.
 {¶ 22} Although plaintiff's contention has some merit, the record does not support an abuse of discretion. Defendants unquestionably failed to file a timely answer, but plaintiff failed to move for a default judgment; only after defendants' motion for leave to file an answer instanter did plaintiff move to strike defendants' answer. Plaintiff's failure to move for a default judgment served to enlarge the trial court's discretion in allowing defendants' delayed responsive pleading. See Marion Production Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265,272 ("[u]ntil a motion for default is filed, it is presumed that the complaining party is not entitled to a default judgment, which fact serves to enlarge the discretion of the trial court to allowed a delayed responsive pleading"); Fowler, supra ("[w]hen a party answers out of rule but before a default is entered, if the answer is in good form and substance, a default should not be entered"). See, also, Sidenstricker v. Miller Pavement Maintenance, Inc. (Oct. 25, 2001), Franklin App. No. 00AP-1146.
 {¶ 23} Because cases should be decided on the merits whenever possible, we cannot say the trial court's attitude was unreasonable, arbitrary or unconscionable in allowing defendants to file instanter their answer to plaintiff's amended complaint. See Sidenstricker, supra. Accordingly, plaintiff's second assignment of error is overruled.
 {¶ 24} Plaintiff's third assignment of error asserts the Montgomery County Court of Common Pleas erred in granting defendants' motion to change venue to Franklin County. An appellate court's review of a trial court's decision to change venue is based on an abuse of discretion standard. Robertson at ¶ 22; Premier Assoc., Ltd. v. Loper, 149 Ohio App.3d 660, 2002-Ohio-5538, at ¶ 37, appeal not allowed (2003), 98 Ohio St.3d 1537, 2003-Ohio-1946.
 {¶ 25} Plaintiff contends venue was proper in Montgomery County because he was convicted of aggravated murder in Montgomery County. Plaintiff further asserts defendants' motivation for change of venue was based on unfavorable rulings against the Adult Parole Authority in prior cases in the Second District Court of Appeals that includes Montgomery County. Defendants argue that venue was properly changed to Franklin County because relevant files are located in Franklin County and individual Adult Parole Authority employees involved in plaintiff's parole hearings are based in Franklin County.
 {¶ 26} The Montgomery County Court of Common Pleas explained proper venue could lie in either Ross County, a county where defendants conducted activity that triggered plaintiff's claim for relief, or Franklin County, a county where defendants reside and have a principal place of business. Under Civ.R. 3(B)(1) and (2), proper venue lies in the county in which a defendant resides or in the county in which a defendant has a principal place of business. Because the named defendants, the Adult Parole Authority and its representatives in their official capacities, reside and have a principal place of business in Franklin County, we cannot conclude the Montgomery County Court of Common Pleas acted unreasonably, arbitrarily or unconscionably by transferring venue to Franklin County. See Robertson at ¶ 26. See, also, State ex rel. Ohio State Racing Comm. v. Walton (1988), 37 Ohio St.3d 246, 247. Plaintiff's third assignment of error is overruled.
 {¶ 27} Plaintiff's fourth assignment of error asserts the trial court treated plaintiff differently because he was a pro se litigant, thereby denying plaintiff due process and equal protection safeguards.
 {¶ 28} As a pro se litigant, plaintiff is presumed to have knowledge of the law and legal procedures and is held to the same standard as litigants who are represented by counsel. Sabouri v. Ohio Dept. of Job Family Serv. (2001), 145 Ohio App.3d 651, 654; Hart v. Columbus Dispatch/Dispatch Printing Co., Franklin App. No. 02AP-506, 2002-Ohio-6963, at ¶ 21. Nothing in the record, however, suggests the trial court treated plaintiff differently due to plaintiff's lack of legal knowledge or failure to follow legal procedures. Plaintiff further asserts the trial court did not consider or did not give serious consideration to his various motions because plaintiff was a pro se litigant. Again, however, the record does not contain anything to support such contentions. Although plaintiff asserts prison officials confiscated plaintiff's legal materials and exhibits, plaintiff offered no evidence to support his claim. See, e.g., Adler v. Wal-Mart Stores, Inc. (C.A.10, 1998), 144 F.3d 664, 679 ("bald assertions in briefs that there are genuine issues of material fact are insufficient to merit reversal of summary judgment"). Accordingly, plaintiff's fourth assignment of error is overruled.
 {¶ 29} Having overruled all of plaintiff's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
PETREE, P.J., and LAZARUS, J., concur.