DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, John H. Moore, brings this action asking this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate an order of the commission which denied relator's application for temporary total disability ("TTD") compensation, and to issue a new order granting relator's application.
 {¶ 2} Under Ohio law, "[m]andamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. In order to obtain a writ of mandamus, relator must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent has a clear legal duty to grant the relief requested; and (3) that no adequate remedy at law exists to vindicate the claimed right. State exrel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125, citingState ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29, certiorari denied (1983), 464 U.S. 1017, 104 S.Ct. 548.
 {¶ 3} Relator's complaint was referred to a magistrate of this court on April 8, 2003, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. After fully reviewing the briefs, the stipulated record, and the arguments submitted by counsel, the magistrate rendered a decision which includes comprehensive and appropriate findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate concluded that this court should deny relator's request for a writ of mandamus. The matter is now before the court upon the relator's objections to the magistrate's decision, which were filed on October 3, 2003.
 {¶ 4} As set forth in the magistrate's September 22, 2003 decision, relator sustained a work-related injury on January 17, 2000, and his subsequent claim for disability benefits has been allowed for contusion of the left forearm, abrasion of the left forearm, sprain/strain of left trapezius muscle and neck, as well as sprain and aggravation of pre-existing cervical foraminal stenosis. On June 7, 2002, relator moved to expand his claim to include C6 and C7 spinous process fractures, and to extend his TTD compensation period from July 3, 2002, through October 3, 2002. Relator's motion was supported by a July 5, 2002 C-84 of his treating physician, and opposed by a report issued by a Bureau of Workers' Compensation physician.
 {¶ 5} After conducting an independent examination of the magistrate's decision, as well as a thorough review of the record, this court concludes that the relator has failed to come forward with proof that he has a clear legal right to receive additional TTD compensation, or to have his claim expanded to include C6 and C7 spinous process fractures. In every respect, we find that the magistrate properly discerned the pertinent legal issues and correctly applied the law to those issues. Relator's objections to the contrary, having completed an independent review of the record, we find no error in the magistrate's findings of fact, analysis, or recommendation. Therefore, relator's objections to the magistrate's decision are overruled.
 {¶ 6} Having carefully reviewed the relator's objections, this court concurs with the magistrate's recommendation that relator's request for a writ of mandamus be denied. Therefore, pursuant to Civ.R. 53(E)(4)(a), this court hereby adopts the magistrate's September 22, 2003 decision as its own, including the findings of fact and conclusions of law rendered therein. Accordingly, relator's request for a writ of mandamus is denied.
Objections overruled; writ denied.
Klatt and Wright, JJ., concur.
WRIGHT, J., retired, of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. John H. Moore, : Relator, : v. : No. 03AP-321 The Industrial Commission of Ohio : (REGULAR CALENDAR) and Elyria Foundry Company, : :
Respondents. : :
 MAGISTRATE'S DECISION Rendered on September 22, 2003 IN MANDAMUS {¶ 7} Relator, John H. Moore, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied his application for temporary total disability ("TTD") compensation and ordering the commission to issue an order finding that he is entitled to said compensation.
Findings of Fact
 {¶ 8} 1. Relator sustained a work-related injury on January 17, 2000, and his claim has been allowed for: "contusion of left forearm; abrasion of left forearm. Sprain/strain of left trapezius muscle, neck[.] Sprain and aggravation of pre-existing cervical foraminal stenosis."
 {¶ 9} 2. On June 7, 2002, relator filed a motion requesting that his claim be additionally allowed for: "C6 and C7 spinous process fractures," as well as a period of TTD compensation from July 3, 2002 through October 3, 2002.
 {¶ 10} 3. Relator's motion was supported by the July 5, 2002 C-84 of his treating physician Jonathan Waldbaum, M.D., who opined that relator was unable to return to his former position of employment due to the allowed conditions in his claim.
 {¶ 11} 4. Dr. Frank Staub, M.D., reviewed relator's file on behalf of the Ohio Bureau of Workers' Compensation and issued a physician review dated July 30, 2002. Dr. Staub was asked to address whether relator's claim should be allowed for the additional conditions and whether, in his medical opinion, the requested period of TTD compensation was medically appropriate. Dr. Staub opined that, in his medical opinion, the evidence to date does not sufficiently support the additional condition as being causally related to the January 17, 2000 industrial injury. Furthermore, Dr. Staub noted that Dr. Waldbaum's office notes indicated that relator was prevented from returning to his former position of employment due to another unrelated work-related injury. As such, Dr. Staub opined that the requested period of TTD compensation was not due to the allowed conditions in the present case regardless of the fact that Dr. Waldbaum indicated such on his C-84 form.
 {¶ 12} 5. In his office notes dated July 3, 2002, Dr. Waldbaum listed claim number 00-307492, which is the claim at issue in the present case. In those office notes, Dr. Waldbaum specifically noted the following:
The patient remains off of work at this time. He is disabled under an unrelated work-related injury. At this time, since the patient's disability is running out with regard to his other work-related claim and I feel he may not return to work at this time as a direct result of the work-related injury that I am seeing him for today, we will fill out a C84 to this effect.
 {¶ 13} 6. Relator's motion was heard before a district hearing officer ("DHO") on October 18, 2002 and resulted in an order both additionally allowing his claim for C6 and C7 spinous process fractures as well as awarding him TTD compensation for the requested time period.
 {¶ 14} 7. The employer appealed and the matter was heard before a staff hearing officer ("SHO") on December 16, 2002. The SHO vacated the prior DHO order, and denied both the additional allowance as well as the period of TTD compensation as follows:
The Staff Hearing Officer denies the request for additional allowance of C6 AND C7 SPINOUS PROCESS FRACTURES and the request for payment of temporary total compensation for the period of 07/03/2002 through 10/03/2002. This finding is based on the opinion of Dr. Frank Staub that neither the fractures nor the alleged period of disability is causally related to the 01/17/2000 industrial injury. All proof on file was reviewed and considered.
(Emphasis sic.)
 {¶ 15} 8. Relator's appeal was refused by order of the commission mailed January 18, 2003.
 {¶ 16} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law
 {¶ 17} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 18} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment.State ex rel. Ramirez v. Indus. Comm. (1982),69 Ohio St.2d 630. Upon that predicate, TTD compensation is payable to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is capable of returning to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) when claimant has reached maximum medical improvement.
 {¶ 19} Regardless of the type of compensation sought by a claimant, the claimant is obligated to show not only that a work-related injury arose out of and in the course of employment, but, also, that a direct and proximate causal relationship exists between the injury and the harm or disability. See, for example,State ex rel. Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452;State ex rel. Watts v. Schottenstein Stores Corp. (1993),68 Ohio St.3d 118; and State ex rel. Ignatious v. Indus. Comm.,99 Ohio St.3d 285, 2003-Ohio-3627.
 {¶ 20} In the present case, in denying relator TTD compensation, the commission specifically noted the report prepared by Dr. Staub and his conclusion that the alleged period of disability is not causally related to the January 17, 2000 industrial injury. Dr. Staub's opinion was based upon his review of Dr. Waldbaum's office notes. Upon review of those notes, this magistrate specifically finds that the notes were made in reference to the claim which is currently before this court. Within those office notes, Dr. Waldbaum does state that relator remains off work at this time because he is disabled under an unrelated work-related injury. As such, Dr. Waldbaum did state that relator was disabled due to a condition which is unrelated to the allowed conditions in the present case. Dr. Waldbaum goes on to state that relator's period of disability is running out in the unrelated claim and he feels that relator may not return to work at this time as a result of the allowed conditions in the current claim. Dr. Waldbaum did not state that, to a reasonable degree of medical certainty, relator cannot return to work due to the allowed conditions in the present claim.
 {¶ 21} Upon review, it is this magistrate's decision that the commission did not abuse its discretion in finding that relator did not establish a causal relationship between the requested period of disability and the allowed conditions in this claim. Dr. Waldbaum's office notes indicate that relator is unable to work at this time due to an unrelated work-related injury. This magistrate finds that the commission did not abuse its discretion in finding that relator had not met his burden of proof to establish that the requested period of TTD compensation was due to the conditions allowed in the present case. As such, relator's request for a writ of mandamus should be denied.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE