OPINION
{¶ 1} Plaintiff-appellant, Ronald Kirkland ("appellant"), pro se, appeals from a judgment of the Franklin County Court of Common Pleas that granted the motion to dismiss of defendant-appellee, the Ohio Adult Parole Authority ("appellee").
 {¶ 2} The following facts are pertinent to this appeal. Appellant is an inmate at the Mansfield Correctional Institution pursuant to a commitment from the Cuyahoga County Common Pleas Court, which sentenced him on May 15, 1980, to a term of 15 years to life. On February 27, 2006, appellant filed a petition for declaratory judgment pursuant to R.C. 2721.02. As best as we can discern, the gravamen of the complaint is that appellant became eligible for parole by having served his minimum sentence, and he was denied his rights under R.C. 5142.01 and 5145.02 when appellee did not release him on parole upon the completion of his minimum sentence. Appellant thus requested that the trial court: (1) declare the correct interpretation of R.C. 5145.01; and (2) determine whether appellee may continue to incarcerate appellant after failing to conduct a parole hearing at the expiration of his minimum term.
 {¶ 3} Appellee responded with a motion to dismiss contending that appellant's complaint failed to show the existence of a controversy justiciable in character. The trial court granted appellee's motion on May 26, 2006.
 {¶ 4} Appellant appeals, asserting the following assignment of error:
THE TRIAL COURT ERRED WHEN IT DISMISSED THE PLAINTIFF-APPELLANT COMPLAINT FOR FAILURE TO STATE A SUFFICIENT CAUSE OF ACTION.
 {¶ 5} To be entitled to declaratory relief, a plaintiff must demonstrate that: (1) a real controversy exists between the parties; (2) the controversy is justiciable in character; and (3) the situation requires speedy relief to preserve the rights of the parties. Landskroner v. Landskroner, 154 Ohio App.3d 471,2003-Ohio-4945, at ¶ 8, citing Herrick v. Kosydar (1975), 44 Ohio St.2d 128. A court may dismiss a declaratory judgment action pursuant to Civ.R. 12(B)(6) only when: (1) no real controversy or justiciable issue exists between the parties; or (2) the declaratory judgment will not terminate the uncertainty or controversy. Matthews v. D'Amore, Franklin App. No. 05AP-1318,2006-Ohio-5745, at ¶ 5 (citations omitted).
 {¶ 6} Here, appellant has no constitutional, statutory, or inherent right to parole. State ex rel. Hattie v. Goldhardt
(1994), 69 Ohio St.3d 123, 125; State ex rel. Seikbert v.Wilkinson (1994), 69 Ohio St.3d 489, 490. Rather, appellee has the discretion to determine whether to grant or deny parole.State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42;State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989),45 Ohio St.3d 355, 356. Given these parameters, the premise for appellant's declaratory judgment argument is flawed. See, e.g.,State v. Dozier (Mar. 30, 2000), Franklin App. No. 99AP-893.
 {¶ 7} We also note that appellant's reliance upon R.C.5145.01 is misplaced. That statute specifies that terms of imprisonment may be ended in a manner provided by law, but shall not exceed the maximum or definite term provided for the felony of which the prisoner was convicted. Appellant, however, has not served the maximum time on his prison sentence, as he was sentenced to serve 15 years to life. Rather, appellant has served only the minimum and is not entitled to release under R.C.5145.01.
 {¶ 8} Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Sadler, JJ., concur.