OPINION
{¶ 1} Relator-appellant, Johnny Shane Chadwell, appeals from a judgment of the Franklin County Court of Common Pleas dismissing appellant's petition for a writ of mandamus to compel respondents-appellees, the Ohio State Racing Commission and Clifford A. Nelson, its Executive Director (collectively, "the commission"), to process his application for a 2002 thoroughbred owner's license. Because appellant failed to establish his entitlement to a writ of mandamus, we affirm.
 {¶ 2} While appellant was a licensee of the commission in 1993 and 1994, he tested positive on three separate occasions for marijuana use, in violation of Ohio Adm. Code 3769-2-26(A)(10) and 3769-8-09(F)(1), (2) and (3). Following each violation, the commission's Board of Stewards issued a ruling that suspended appellant's license and imposed a monetary fine. Appellant appealed the ruling to the commission.
 {¶ 3} On December 20, 1994, appellant and the commission entered into a settlement agreement. The settlement agreement stated it was made as a compromise between the parties for the complete and final settlement of their claims, differences, and causes of action with respect to appellant's cases pending before the commission, but the agreement made no direct or explicit reference to appellant's drug offenses. Pursuant to the agreement, appellant admitted he had "engaged in conduct which is against the best interest of horse racing," in violation of Ohio Adm. Code 3769-2-26(A)(10), and he agreed to pay a $500 fine and to have his 1994 license revoked. Appellant further agreed that he was ineligible for licensure by the commission until January 1997 and would personally appear before the commission if he applied for a license at that time.
 {¶ 4} On July 29, 1997, appellant submitted an application with the commission for a 1997 license. The application was denied. Upon appellant's request, a formal adjudication hearing was held but neither appellant nor his counsel was present. The hearing officer found that appellant had tested positive for marijuana three separate times, in violation of Ohio Adm. Code 3769-2-26(A)(10) and 3769-8-09(F)(1), (2) and (3), and recommended that his application be denied. In an order issued August 25, 1998, the commission upheld the hearing officer's findings and conclusions and the denial of the application as "a result of Mr. Chadwell testing positive for marijuana on three separate occasions." Appellant appealed the commission's decision to the Franklin County Court of Common Pleas but his appeal was dismissed as untimely, making the 1998 commission order final.
 {¶ 5} Appellant applied for a license again in July 2002. In a letter to appellant dated November 13, 2002, the commission informed him that it would not consider his application for a 2002 license because he tested positive for marijuana on three occasions in 1993 and 1994, in violation of Ohio Adm. Code 3769-2-26(A)(10) and 3769-8-09(F)(1), (2) and (3), and he failed to submit proof that he completed a commission approved substance abuse program as required by Ohio Adm. Code 3769-8-09(F)(3). Ohio Adm. Code 3769-8-09(F)(3) states that after a third drug offense, a licensee must "provide proof that he * * * has satisfactorily completed a commission approved substance abuse program prior to the commission considering his * * * application for any type of license."
 {¶ 6} Appellant filed a petition for a writ of mandamus in the Franklin County Court of Common Pleas to compel the commission to process his 2002 license application. Appellant contended the commission should not have refused to process his 2002 license application on the basis that he failed to submit proof of his completing a substance abuse course. Appellant argued he was not subject to Ohio Adm. Code3769-8-09(F)(3)'s requirement because the 1994 settlement agreement disposed of the three drug offenses, removing them from his racing record.
 {¶ 7} The commission moved to dismiss the petition under Civ.R. 12(B)(6), arguing appellant failed to state a claim entitling him to a writ of mandamus. The court granted the commission's motion and dismissed appellant's petition for a writ of mandamus. Appellant appeals, assigning the following errors:
ERROR I
The Court mistakably committed an error in its Decision Page 3 of the first full paragraph: Sentence three, [where] it states it is not clear from the agreement itself that the drug offenses were removed from relator's racing record, as the agreement does not refer to the drug offenses at all.
ERROR II
The court has committed an error page (3) paragraph (2) sentence (3) and (5). (Sentence three States relator appealed to the O.S.R.C., and a hearing was held in 1998. Sentence five states the Finding and Order indicates that Relator did not appear at the hearing and was not represented at it.
ERROR III
The court committed an error in decision page (3) paragraph (3) sentence (2) and sentence (4). (Sentence (2) states The O.S.R.C. denied the 2002 application. Sentence (4) states The O.S.R.C. informed Relator that it denied the 2002 license application because he had three drug offenses on his record and failed to submit proof that he had completed a substance abuse program. O.S.R.C. did not deny the application they simply quote the law of O.A.C. 3769-8-09(F)(3).
ERROR IV
The court committed an error in decision, page four paragraph one, starting with first complete sentence which states: However, The Commission's Finding and Order was issued subsequent to the settlement agreement and states that Relator does have three drug offenses on his racing record. That Finding and Order remains in effect because Relator's appeal was dismissed. Because of that, Relator would have to submit proof, pursuant to 3769-08-09(F)(3), that he completes [sic] an approved substance abuse program before being issued a new license. Relator admits that he did not offer such proof. Thus his application for a 2002 license was not complete.
ERROR V
The Court has committed an error in decision page 4 Paragraph 2 which states: A writ of mandamus can be granted only if the court finds that the relator has a clear legal right to the relief sought, the respondent has a clear legal duty to undertake the requested act, and the relator has no plain and adequate remedy at law. Even assuming all factual allegations in Relator's complaint to be true, his application was not in compliance with O.A.C. 3769-08-09(F)(3). Thus, he cannot demonstrate that he has a clear legal right to the license, nor can he prove that the O.S.R.C. is under a clear legal duty to issue the license.
 {¶ 8} This court's review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo. Springfield Fireworks,Inc. v. Ohio Dept. of Commerce, Franklin App. No. 03AP-330, 2003-Ohio-6940, ¶ 12. In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." Id., quoting O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus. The court must presume all factual allegations in the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Bridges v. Natl. Engineering Contracting Co. (1990), 49 Ohio St.3d 108, 112.
 {¶ 9} Appellant's assignments of error resolve to the single issue of whether the common pleas court erred in determining that appellant failed to demonstrate he is entitled to a writ of mandamus in this case.
 {¶ 10} A writ of mandamus is a written order in the name of a state or other competent legal authority that commands a public officer or agency to perform an official act. State ex rel. Ohio Civil Serv. Emp. Assn. v.State Emp. Relations Bd., 104 Ohio St.3d 122, 124, 2004-Ohio-6363, ¶ 9. To be entitled to a writ of mandamus to compel the commission to process his 2002 license application, appellant had to demonstrate in his complaint that: (1) he has a clear legal right to the relief requested, (2) the commission is under a clear legal duty to grant the relief requested, and (3) he has no plain and adequate remedy in the ordinary course of the law. Id.; State ex rel. Common Cause/Ohio v. Ohio ElectionsComm., 156 Ohio App.3d 544, 549, 2004-Ohio-1594, ¶ 10; Darnell v.Public Emp. Retirement System of Ohio (Dec. 31, 1998), Franklin App. No. 98AP-303, citing State ex rel. Hattie v. Goldhardt (1994),69 Ohio St.3d 123, 125.
 {¶ 11} Pursuant to R.C. 3769.03, "[t]he state racing commission shall prescribe the rules and conditions under which horse racing may be conducted." The statute further provides that "[t]he state racing commission may issue, deny, suspend, or revoke licenses to those persons engaged in racing and to those employees of permit holders as is in the public interest for the purpose of maintaining a proper control over horse-racing meetings." (Emphasis added.) R.C. 3769.03.
 {¶ 12} This court has determined that the power of the commission to approve or reject a license application is discretionary, not mandatory.Raceway Park, Inc. v. Ohio State Racing Comm., Franklin App. No. 02AP-352, 2002-Ohio-5615, ¶ 12. Moreover, the Ohio Supreme Court has stated that "[a] writ of mandamus * * * will not issue to control the discretion of the State Racing Commission or to direct in what particular way it shall proceed or decide a particular matter." State ex rel.Toledo-Maumee Raceways, Inc. v. Ohio State Racing Comm. (1961),172 Ohio St. 109, 110. Accordingly, to the extent appellant sought a writ of mandamus to control the commission's discretion or to direct it to proceed or render a decision in a particular way, his petition for a writ of mandamus was appropriately dismissed as improper. Id.
 {¶ 13} Although a writ of mandamus cannot be used to control a public body's exercise of its discretion, it can be used to compel the public body to exercise such discretion when the public body has a clear legal duty to do so. State ex rel. McGinty v. Cleveland City School Dist. Bd.of Edn. (1998), 81 Ohio St.3d 283, 288; State ex rel. Athens Cty. Bd. ofCommrs. v. Gallia, Jackson, Meigs, Vinton Joint Solid Waste Mgt. Dist.Bd. of Directors (1996), 75 Ohio St.3d 611, 614. Thus, unless the commission had a clear legal duty to consider and process appellant's application, appellant was not entitled to a writ of mandamus to compel the commission to do so.
 {¶ 14} As noted, the commission refused to consider appellant's application for a 2002 license because appellant had three drug offenses on his racing record and was therefore required, but failed, to "provide proof that he * * * has satisfactorily completed a commission approved substance abuse program prior to the commission considering his * * *application for any type of a license," in accordance with Ohio Adm. Code3769-8-09(F)(3). (Emphasis added.) Appellant responds here, as he did in the common pleas court, that his 1994 settlement agreement with the commission modified the three drug offenses into one charge of unspecified conduct against the best interest of horse racing, and thus cleared his record of all drug offenses.
 {¶ 15} The commission contends the settlement agreement did not explicitly mention appellant's drug offenses and did not state that the drug offenses would be removed from appellant's record as a result of the parties' agreement. Whether that contention be meritorious, we need not decide, as the commission's 1998 order denying appellant's 1997 license application was issued subsequent to the settlement agreement. Because appellant did not timely appeal the commission's 1998 order, the order became final, and the finding contained in the order that appellant has three drug offenses on his racing record became binding upon appellant and a part of his official racing record. Because he had three drug offenses on his racing record, appellant was required by Ohio Adm. Code3769-8-09(F)(3) to submit proof of his satisfactory completion of an approved substance abuse program prior to the commission considering his application for the 2002 license.
 {¶ 16} "Horse racing is a pervasively regulated industry[,]" and the commission is conferred broad regulatory powers. Burneson v. Ohio StateRacing Comm., Franklin App. No. 03AP-925, 2004-Ohio-3313, ¶ 38; O'Danielv. Ohio State Racing Comm. (1974), 37 Ohio St.2d 87, 93. "Persons who wish to receive licenses to participate in the sport [of horse racing] must conform to certain standards, rules and regulations, which are designed to maintain the integrity of horse racing." Burneson, supra, quoting Haehn v. Ohio State Racing Comm. (1992), 83 Ohio App.3d 208,213, jurisdictional motion overruled (1993), 66 Ohio St.3d 1459.
 {¶ 17} Because appellant did not comply with Ohio Adm. Code3769-8-09(F)(3) by submitting the proof required by the administrative rule, his application for a 2002 license was incomplete. Raceway Park,
supra, ¶ 13. Appellant thus had no clear legal right to have the commission process his 2002 license application, and the commission had no clear legal duty to consider the application. Accordingly, even when the factual allegations in appellant's petition are viewed most favorably to appellant, the common pleas court properly dismissed his petition because appellant failed to establish his entitlement to a writ of mandamus. Appellant's assignments of error are overruled.
 {¶ 18} Having overruled all of appellant's assignments of error, we affirm the common pleas court's dismissal of the petition for a writ of mandamus.
Judgment affirmed.
Klatt and Sadler, JJ., concur.