DECISION
{¶ 1} Plaintiff-appellant, Johnny Shane Chadwell, appeals from the November 7, 2006 judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, The Ohio State Racing Commission. For the reasons that follow, we affirm.
 {¶ 2} Mr. Chadwell's long running dispute with the racing commission has been the subject of much previous litigation. In this latest incarnation, Mr. Chadwell, appearing pro se, sought a declaratory judgment setting forth his rights under a 1994 settlement *Page 2 
agreement between him and the racing commission, and a declaration that the agreement was enforceable. The racing commission filed a motion to dismiss on the basis of res judicata, which the trial court converted to a motion for summary judgment. The court of common pleas found in favor of the racing commission, concluding that the declaratory judgment action was barred by res judicata, specifically, our opinion inChadwell v. Ohio State Racing Comm., Franklin App. No. 04AP-903,2005-Ohio-1126.
 {¶ 3} The following facts from that earlier opinion are relevant to the issues raised on this appeal:
 While appellant was a licensee of the commission in 1993 and 1994, he tested positive on three separate occasions for marijuana use, in violation of Ohio Adm. Code 3769-2-26(A)(10) and 3769-8-09(F)(1), (2) and (3). Following each violation, the commission's Board of Stewards issued a ruling that suspended appellant's license and imposed a monetary fine. Appellant appealed the ruling to the commission.
 On December 20, 1994, appellant and the commission entered into a settlement agreement. The settlement agreement stated it was made as a compromise between the parties for the complete and final settlement of their claims, differences, and causes of action with respect to appellant's cases pending before the commission, but the agreement made no direct or explicit reference to appellant's drug offenses. Pursuant to the agreement, appellant admitted he had "engaged in conduct which is against the best interest of horse racing," in violation of Ohio Adm. Code 3769-2-26(A)(10), and he agreed to pay a $500 fine and to have his 1994 license revoked. Appellant further agreed that he was ineligible for licensure by the commission until January 1997 and would personally appear before the commission if he applied for a license at that time.
 On July 29, 1997, appellant submitted an application with the commission for a 1997 license. The application was denied. Upon appellant's request, a formal adjudication hearing was held but neither appellant nor his counsel was present. The hearing officer found that appellant had tested positive for *Page 3 
marijuana three separate times, in violation of Ohio Adm. Code 3769-2-26(A)(10) and 3769-8-09(F)(1), (2) and (3), and recommended that his application be denied. In an order issued August 25, 1998, the commission upheld the hearing officer's findings and conclusions and the denial of the application as "a result of Mr. Chadwell testing positive for marijuana on three separate occasions." Appellant appealed the commission's decision to the Franklin County Court of Common Pleas but his appeal was dismissed as untimely, making the 1998 commission order final.
 Appellant applied for a license again in July 2002. In a letter to appellant dated November 13, 2002, the commission informed him that it would not consider his application for a 2002 license because he tested positive for marijuana on three occasions in 1993 and 1994, in violation of Ohio Adm. Code 3769-2-26(A)(10) and 3769-8-09(F)(1), (2) and (3), and he failed to submit proof that he completed a commission approved substance abuse program as required by Ohio Adm. Code 3769-8-09(F)(3). Ohio Adm. Code 3769-8-09(F)(3) states that after a third drug offense, a licensee must "provide proof that he * * * has satisfactorily completed a commission approved substance abuse program prior to the commission considering his * * * application for any type of license."
 Appellant filed a petition for a writ of mandamus in the Franklin County Court of Common Pleas to compel the commission to process his 2002 license application. Appellant contended the commission should not have refused to process his 2002 license application on the basis that he failed to submit proof of his completing a substance abuse course. Appellant argued he was not subject to Ohio Adm. Code 3769-8-09(F)(3)'s requirement because the 1994 settlement agreement disposed of the three drug offenses, removing them from his racing record.
 The commission moved to dismiss the petition under Civ. R. 12(B)(6), arguing appellant failed to state a claim entitling him to a writ of mandamus. The court granted the commission's motion and dismissed appellant's petition for a writ of mandamus. * * *
Id. at ¶ 2-7. *Page 4 
 {¶ 4} This court affirmed the judgment of the court of common pleas, finding that "the commission's 1998 order denying appellant's 1997 license application was issued subsequent to the settlement agreement. Because appellant did not timely appeal the commission's 1998 order, the order became final, and the finding contained in the order that appellant has three drug offenses on his racing record became binding upon appellant and a part of his official racing record. Because he had three drug offenses on his racing record, appellant was required by Ohio Adm. Code 3769-8-09(F)(3) to submit proof of his satisfactory completion of an approved substance abuse program prior to the commission considering his application for the 2002 license." Id. at ¶ 15. (Emphasis sic.)
 {¶ 5} Mr. Chadwell has appealed without assigning errors per se, but he entitles his argument as follows:
 The Court of Common Pleas In a Declaratory Judgment Failed to Determine the Validity Of the Instrument Petitioner Filing Pro Se Has Prayed To the Court And Stated Clearly Any Other Provision Petitioner Is Entitled To.
 {¶ 6} In a literal sense, Mr. Chadwell's argument is true: the court of common pleas refused to declare Mr. Chadwell's rights under the 1994 settlement agreement. However, the reason the trial court failed to do so is that the doctrine of res judicata barred Mr. Chadwell from continuing to litigate the same issue that had previously been decided. Res judicata, in the general sense, refers to the ways in which one judgment has a binding effect on another judgment. Kathmandu, Inc. v.Bowland (May 15, 2001), Franklin App. No. 00AP-981.
 {¶ 7} In this case, the racing commission informed the court of common pleas that there was an earlier final judgment that had decided the issue of whether the racing *Page 5 
commission could use Mr. Chadwell's prior drug offenses as grounds to deny him a license or to fail to process his application. The racing commission also informed the trial court that the previous decision involved the same parties as before.
 {¶ 8} When Mr. Chadwell did not timely appeal the order of the Ohio State Racing Commission that denied his application for a license based on the commission's finding that he had tested positive for marijuana on three separate occasions, the order became final and binding upon Mr. Chadwell. That is the reason his petition for a writ of mandamus was denied in Chadwell, and that is the reason the trial court correctly granted summary judgment for the racing commission in this case.
 {¶ 9} Based on the foregoing, Mr. Chadwell's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 FRENCH, McGRATH TYACK, JJ., concur. *Page 1